# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ELECTRONICALLY FILED**
Superior Court of California
County of Alameda
06/17/2024
Chad Finke, Executive Officer / Clerk of the Court
By: _____ D. Franklin _____ Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
STANLEY BLACK & DECKER, INC.; HCL GLOBAL SYSTEMS, INC.; and DOES 1 through 25, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEN HAKOMORI, individually, and on behalf of other similarly situated employees,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* René C. Davidson Courthouse<br><br>1225 Fallon Street, Oakland, CA 94612 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**24CV080131** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan M. Genish BLACKSTONE LAW, APC, 8383 Wilshire Blvd., Suite 745, Beverly Hills, California 90211, (310) 622-4278

| DATE:<br>*(Fecha)* 06/17/2024 | Clerk, by Chad Finke, Executive Officer / Clerk of the Court<br>*(Secretario)* _____ D. Franklin _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* STANLEY BLACK & DECKER, INC.
   under: [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)     [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
   [ ] other *(specify):*
4. [ ] by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
06/17/2024 at 05:55:45 PM
By: Damaree Franklin,
Deputy Clerk

1  Jonathan M. Genish (State Bar No. 259031)
   Barbara DuVan-Clarke (State Bar No. 259268)
2  BDC@blackstonepc.com
   Alexander K. Spellman (State Bar No. 250398)
3  aspellman@blackstonepc.com
   P.J. Van Ert (State Bar No. 234858)
4  pjvanert@blackstonepc.com
   Annabel F. Blanchard (State Bar No. 258135)
5  ablanchard@blackstonepc.com
   BLACKSTONE LAW, APC
6  8383 Wilshire Boulevard, Suite 745
7  Beverly Hills, California 90211
   Telephone: (310) 622-4278/ Fax: (855) 786-6356
8
9  *Attorneys for* Plaintiff KEN HAKOMORI,
   individually, and on behalf of other similarly
10 situated employees

11          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
12                  **FOR THE COUNTY OF ALAMEDA**

13 KEN HAKOMORI, individually, and on behalf    Case No.:  24CV080131
   of other similarly situated employees,
14                                               **CLASS ACTION COMPLAINT**
15          Plaintiff,
                                                    (1) **Violation of Cal. Labor Code §§ 1194,**
16     vs.                                              **1197, and 1197.1 (Minimum Wages)**

17 STANLEY BLACK & DECKER, INC.; HCL           (2) **Violation of Cal. Labor Code §§ 510**
   GLOBAL SYSTEMS, INC.; and DOES 1                 **and 1198 (Unpaid Overtime)**
18 through 25, inclusive,
19          Defendants.                          (3) **Violation of Cal. Labor Code §§ 226.7**
                                                     **and 512(a) (Meal Break Violations)**
20
21                                               (4) **Violation of Cal. Labor Code § 226.7**
22                                                   **(Rest Break Violations)**
23
24                                               (5) **Violation of Cal. Labor Code §§ 204**
                                                     **and 210 (Wages Not Timely Paid**
25                                                   **During Employment)**
26
                                                 (6) **Violation of Cal. Labor Code § 226(a)**
27                                                   **(Wage Statement Violations)**
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(7) **Violation of Cal. Labor Code §§ 201,
202, and 203 (Untimely Final Wages)**

(8) **Violation of Cal. Labor Code §§ 2800
and 2802 (Failure to Reimburse
Necessary Business Expenses)**

(9) **Violation of Cal. Business &
Professions Code §§ 17200, *et seq*.**

**DEMAND FOR JURY TRIAL**

2

**CLASS ACTION COMPLAINT**

Plaintiff KEN HAKOMORI ("Plaintiff"), individually, and on behalf of other similarly situated employees, alleges as follows against Defendant(s) STANLEY BLACK & DECKER, INC., HCL GLOBAL SYSTEMS, INC., and DOES 1 through 25, inclusive (collectively, "Defendants"):

## INTRODUCTION

1.      This is a class action to recover damages on behalf of Plaintiff and all current and former hourly-paid and/or non-exempt employees who worked for Defendants in the State of California at any time during the period from four years prior to the date of the filing of this Complaint through final judgment ("Class Members").

2.      Plaintiff alleges that Defendants hired Plaintiff and Class Members but, among other things, failed to properly pay them all wages owed for all time worked (including minimum wages, straight time wages, and overtime wages), failed to provide them with all meal periods and rest periods and associated premium wages to which they were entitled, failed to timely pay them all wages due during their employment, failed to timely pay them all wages due upon termination of their employment, failed to provide them with accurate itemized wage statements, and failed to reimburse them for necessary business expenses.

3.      As a result, Defendants violated, *inter alia*, California Labor Code sections 201, 202, 203, 204, 226(a), 226.7, 510, 512(a), 1194, 1197, 1197.1, 1198, 2800, and 2802, and the applicable Industrial Welfare Commission ("IWC") Wage Order. Through this action, Plaintiff seeks to recover all available remedies including but not limited to actual and liquidated damages and attorney's fees and costs.

## JURISDICTION AND VENUE

4.      This is a class action lawsuit brought pursuant to California Code of Civil Procedure section 382.

5.      The monetary damages, restitution, statutory penalties, and other applicable legal and equitable relief sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.

6.      This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, section 10, which grants the superior court "original jurisdiction in all other causes" except

1 | those given by statute to other courts. The statutes under which this action is brought do not specify

2 | any other basis for jurisdiction.

3 |      7.     This Court has jurisdiction over all Defendants because, upon information and belief,

4 | Defendants are either citizens of California, have sufficient minimum contacts in California, and/or

5 | otherwise intentionally avail themselves of the California market so as to render the exercise of

6 | jurisdiction over them by the California courts consistent with traditional notions of fair play and

7 | substantial justice. Further, no federal question is at issue because the claims asserted herein are based

8 | solely on California law.

9 |      8.     Venue is proper in this Court because, upon information and belief, Defendants

10 | maintain offices, have agents, employ individuals, and/or transact business in the State of California,

11 | County of Alameda, including at 23765 Foley Street, Hayward, CA 94545.

12 | **THE PARTIES**

13 |      9.     At all times herein mentioned, Plaintiff KEN HAKOMORI is and was an individual

14 | residing in San Bernardino County in the State of California.

15 |      10.     At all times herein mentioned, Defendant STANLEY BLACK & DECKER, INC. was,

16 | and is, an employer who does business in California, with locations throughout the State of California,

17 | and whose employees are engaged throughout Alameda County, San Bernardino County and the State

18 | of California, including at 23765 Foley Street, Hayward, CA 94545 and at 15750 Jurupa Ave, Fontana,

19 | CA 92337.

20 |      11.     At all times herein mentioned, Defendant HCL GLOBAL SYSTEMS, INC., was, and

21 | is, an employer who does business in California, with locations throughout the State of California, and

22 | whose employees are engaged throughout the State of California.

23 |      12.     Plaintiff is unaware of the true names or capacities of the Defendants sued herein under

24 | the fictitious names DOES 1 through 25 but will seek leave of this Court to amend the Complaint and

25 | serve such fictitiously named Defendants once their names and capacities become known.

26 |      13.     Plaintiff is informed and believes, and thereon alleges, that the acts and omissions

27 | alleged herein were performed by, or are attributable to defendant(s) STANLEY BLACK &

28 | DECKER, INC., HCL GLOBAL SYSTEMS, INC., and/or DOES 1 through 25, each acting as the

1  agent, employee, alter ego, and/or joint venturer of, or working in concert with, each of the other co-
2  Defendants and within the course and scope of such agency, employment, joint venture, or concerted
3  activity with legal authority to act on the others' behalf. The acts of Defendants represent and were in
4  accordance with Defendants' official policies.

5     14. At all relevant times, Defendants were the employers of Plaintiff within the meaning
6  of all applicable state laws and statutes. Defendants directly or indirectly controlled or affected the
7  working conditions, wages, working hours, and conditions of employment of Plaintiff so as to make
8  each of said Defendants employers and employers liable under the statutory provisions set forth herein.

9     15. Defendants had the authority to hire and terminate Plaintiff and the other Class
10  Members, to set work rules and conditions governing Plaintiff and the other Class Members'
11  employment, and to supervise their daily employment activities.

12     16. Defendants exercised sufficient authority over the terms and conditions of Plaintiff
13  and the other Class Members' employment for them to be joint employers of Plaintiff and the other
14  Class Members.

15     17. Defendants directly hired and paid wages to Plaintiff and the other Class Members.

16     18. Defendants continue to employ hourly paid and/or non-exempt employees within the
17  State of California.

18     19. At all relevant times, Defendants, and each of them, ratified each act or omission
19  complained of herein. At all relevant times, Defendants, and each of them, aided and abetted the acts
20  and omissions of each and all the other Defendants in proximately causing the damages herein alleged.

21     20. Plaintiff is informed and believes, and thereon alleges, that each Defendant is in some
22  manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and
23  transactions alleged herein.

24            **GENERAL ALLEGATIONS**

25     21. Plaintiff KEN HAKOMORI worked for Defendants from approximately February
26  2022 through approximately November 2023 as an IT Helpdesk Support Technician. Defendants
27  jointly and severally employed KEN HAKOMORI. KEN HAKOMORI performed various duties for
28  Defendants including, among other things, troubleshooting computer issues as well as setting up

1    networks and printers.

2        22.    Plaintiff is informed and believes, and thereon alleges, that Defendants engaged in a

3    pattern and practice of wage abuse against their hourly-paid and/or non-exempt employees. As set

4    forth in more detail below, this pattern and practice of wage abuse involved, *inter alia*, requiring

5    Plaintiff and the other Class Members to work off-the-clock without compensation, failing to properly

6    pay wages for all hours worked, failing to provide all meal and rest breaks to which they were entitled

7    and failing to pay meal and rest break premiums when due, failing to timely pay wages during

8    employment and upon termination of employment, failing to provide accurate wage statements, failing

9    to reimburse necessary business-related expenses, and failing to adhere to other related protections

10   afforded by the California Labor Code and the applicable IWC Wage Order.

11       23.    Defendants knew or should have known that they had a duty to compensate Plaintiff

12   and the other Class Members pursuant to California law. Defendants had the financial ability to pay

13   such compensation, but willfully, knowingly, and intentionally failed to do so to increase Defendants'

14   profits.

15                          **CLASS ACTION ALLEGATIONS**

16       24.    Plaintiff brings this lawsuit as a class action on behalf of Plaintiff and all others

17   similarly situated, as members of a proposed class pursuant to California Code of Civil Procedure

18   section 382. The class satisfies the numerosity, commonality, typicality, adequacy, predominance, and

19   superiority requirements under California Code of Civil Procedure section 382.

20       25.    The proposed **Class** is defined as follows:

21              **All current and former hourly-paid and/or non-exempt employees**

22              **who worked for Defendants in the State of California at any time**

23              **during the period from four years prior to the date of the filing of**

24              **this Complaint through final judgment.**

25       26.    The proposed **Former Employee Sub-Class** is defined as follows:

26              **All former hourly-paid and/or non-exempt employees who worked**

27              **for Defendants in the State of California at any time during the**

28              **period from four years prior to the date of the filing of this**

1    **Complaint through final judgment.**

2    27.    Plaintiff reserves the right to establish additional subclasses as appropriate.

3    28.    There is a well-defined community of interest in this litigation and the Class is easily

4    ascertainable. While the exact number and identities of Class Members are currently unknown to

5    Plaintiff, such information can be ascertained through appropriate discovery from records maintained

6    by Defendants and their agents.

7    29.    The Class is so numerous that the individual joinder of all its members is impracticable.

8    30.    Common questions of fact and law exist as to all Class Members, which predominate

9    over any questions affecting only individual members of the Class. The common legal and factual

10   questions which do not vary from Class Member to Class Member, and which may be determined

11   without reference to the individual circumstances of any Class Member include the following:

12       i.   Whether Defendants had a policy and practice of failing to pay minimum wages to

13           Plaintiff and the other Class Members for all hours worked;

14       ii.   Whether Defendants had a policy and practice of failing to pay overtime wages to

15           Plaintiff and the other Class Members for all overtime hours worked;

16       iii.   Whether Defendants had a policy and practice of failing to provide meal periods to

17           Plaintiff and the other Class Members;

18       iv.   Whether Defendants had a policy and practice of failing to provide rest periods to

19           Plaintiff and the other Class Members;

20       v.   Whether Defendants failed to pay their hourly-paid and/or non-exempt employees in

21           the State of California for all hours worked, and for all missed, short, late, and/or

22           interrupted meal periods and rest breaks;

23       vi.   Whether Defendants failed to timely pay all wages due to Plaintiff and the other Class

24           Members during their employment;

25       vii.   Whether Defendants' failure to pay wages, without abatement or reduction, in

26           accordance with the California Labor Code, was willful;

27       viii.   Whether Defendants failed to pay all wages due to Plaintiff and the other Class

28           Members within the required time upon their discharge or resignation;

ix.   Whether Defendants failed to comply with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

x.   Whether Defendants failed to reimburse Plaintiff and the other Class Members for necessary business-related expenses and costs;

xi.   Whether Defendants' conduct was willful or reckless;

xii.   Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

xiii.   The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

xiv.   Whether Plaintiff and the other Class Members are entitled to compensatory damages pursuant to the California Labor Code.

31.   Plaintiff's claims are typical of the claims of the Class, and Plaintiff's interests are coincident with and not antagonistic to those of the other Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained attorneys experienced in the prosecution of class actions and Plaintiff intends to prosecute this action vigorously.

32.   A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual litigation of the claims of all Class Members is impracticable. Even if every Class Member could afford individual litigation, the court system could not. It would be unduly burdensome on the courts in which individual litigation of numerous cases would proceed. Individualized litigation would also present the potential for varying, inconsistent, and/or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same factual and legal issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class Member.

33.   Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class

1    actions provide the Class Members who are not named in the complaint anonymity that allows for the

2    vindication of their rights.

3                                    **FIRST CAUSE OF ACTION**

4                **VIOLATION OF CAL. LABOR CODE §§ 1194, 1197, AND 1197.1**

5                                    **Failure to Pay Minimum Wage**

6                                        **(Against All Defendants)**

7        34.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

8        35.    California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage

9    for employees fixed by the Industrial Welfare Commission is the minimum wage to be paid to

10   employees, and the payment of a wage less than the minimum so fixed is unlawful. Plaintiff and the

11   other Class Members were frequently suffered or permitted to work "off-the-clock", such that they

12   were not paid minimum wage for all hours worked.

13       36.    Accordingly, Defendants regularly failed to pay at least minimum wages to Plaintiff

14   and the other Class Members for all hours they worked in violation of California Labor Code sections

15   1194, 1197, and 1197.1.

16       37.    Defendants knew or should have known that Plaintiff and the other Class Members

17   were performing such work "off-the-clock" because, among other things, Defendants' management

18   witnessed, authorized, was made aware of, and/or required Plaintiff and Class Members to perform

19   such work.

20       38.    Defendants' failure to pay Plaintiff and the other Class Members the minimum wage

21   as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections,

22   Plaintiff and the other Class Members are entitled to recover the unpaid balance of their minimum

23   wage compensation, as well as interest, costs, and attorney's fees.

24       39.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other Class

25   Members are entitled to recover liquidated damages in an amount equal to the wages unlawfully

26   unpaid and interest thereon.

27   ///

28   ///

**SECOND CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 510 AND 1198**

**Unpaid Overtime**

**(Against All Defendants)**

40. Plaintiff incorporates by reference the allegations in all preceding paragraphs.

41. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons for extended periods of time without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily and/or weekly basis.

42. Specifically, the applicable IWC Wage Order provides that Defendants were required to pay Plaintiff and the other Class Members at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek.

43. The applicable IWC Wage Order further provides that Defendants were required to pay Plaintiff and the other Class Members overtime compensation at a rate of two (2) times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day and/or for all hours worked in excess of eight (8) hours on the seventh consecutive day in a workweek.

44. California Labor Code section 510 codifies the right to overtime compensation at one-and-one half times the regular hourly rate for hours worked in excess of eight (8) hours in a day, in excess of forty (40) hours in a week, and/or in excess of the first eight (8) hours worked on the seventh consecutive day in a workweek, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

45. Plaintiff and the other Class Members regularly worked in excess of eight (8) hours in a day, in excess of twelve (12) hours in a day, in excess of forty (40) hours in a week, and/or in excess of seven (7) consecutive days in a workweek. However, Defendants did not accurately record Plaintiff and the other Class Members' actual hours worked and intentionally and willfully failed to pay all overtime wages owed to Plaintiff and the other Class Members. Defendants' failure to pay correct

1    overtime wages included, *inter alia*: (a) when the combined total of the off-the-clock work discussed

2    *supra* and the on-the-clock work exceed the number of hours that trigger the payment of overtime

3    wages under California Labor Code sections 510 and 1198 and/or the applicable IWC Wage Order;

4    (b) when Defendants intentionally, willfully, and/or negligently mischaracterized overtime as straight

5    time; (c) when Defendants assigned more work than could reasonably be completed in a workday or

6    workweek to Plaintiff and Class Members, but refused to authorize the overtime necessary for them

7    to complete the assigned work; and (d) when Defendants failed to include all required wages and

8    renumeration when calculating setting the overtime rate.

9         46.    Defendants' failure to pay Plaintiff and the other Class Members as outlined above

10   violates California Labor Code sections 510 and 1198 and the applicable IWC Wage Order and is

11   therefore unlawful.

12        47.    Pursuant to California Labor Code section 1194, Plaintiff and the other Class Members

13   are entitled to recover their unpaid overtime compensation, and interest, costs, and attorneys' fees.

14                              **THIRD CAUSE OF ACTION**

15                 **VIOLATION OF CAL. LABOR CODE §§ 226.7 AND 512(a)**

16                                **Meal Break Violations**

17                                **(Against All Defendants)**

18        48.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

19        49.    California Labor Code sections 226.7 and 512(a) and the applicable IWC Wage Order

20   govern Plaintiff and the other Class Members' employment by Defendants.

21        50.    California Labor Code section 226.7 provides that no employer shall require an

22   employee to work during any meal period mandated by an applicable IWC Order.

23        51.    The applicable IWC Wage Order and California Labor Code section 512(a) provide

24   that an employer may not require, cause, or permit an employee to work for a period of more than five

25   (5) hours per day without providing the employee with an uninterrupted meal period of not less than

26   thirty (30) minutes, except that if the total work period per day of the employee is not more than six

27   (6) hours, the meal period may be waived by mutual consent of both the employer and the employee.

28        52.    The applicable IWC Wage Order and California Labor Code section 512(a) further

provide that an employer may not require, cause, or permit an employee to work a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

53.    Plaintiff and the other Class Members who were scheduled to work for shifts no longer than six (6) hours, and who did not waive their legally mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

54.    Plaintiff and the other Class Members who were scheduled to work for shifts in excess of ten (10) hours but no longer than twelve (12) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than ten (10) hours without a second uninterrupted meal period of not less than thirty (30) minutes.

55.    Defendants intentionally and willfully required Plaintiff and the other Class Members to work during meal periods and failed to compensate Plaintiff and the other Class Members for work performed during meal periods. This includes, among other things, requiring Plaintiff and Class Members to work through their lunch breaks, permitting and/or requiring Plaintiff and Class Members to take late lunch breaks, permitting and/or requiring Plaintiff and Class Members to take short lunch breaks, interrupting and/or allowing others to interrupt Plaintiff and Class Members during their lunch breaks, failing to relieve Plaintiff and Class Members of all duties during their lunch breaks, automatically deducting meal periods from Plaintiff's and Class Members' time sheets without regard as to whether compliant meal periods were taken, and restricting Plaintiff and Class Members from leaving the premises during their lunch breaks.

56.    During the relevant time period, Defendants failed to pay Plaintiff and the other Class Members all meal period premiums due pursuant to California Labor Code section 226.7 and 512 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for meal period premiums and/or merely using

1  straight time pay to calculate regular rates of pay for meal period premiums.

2      57.    Defendants' conduct therefore violates the applicable IWC Wage Order and California

3  Labor Code sections 226.7 and 512(a).

4      58.    Pursuant to the applicable IWC Wage Order and California Labor Code section

5  226.7(b), Plaintiff and the other Class Members are entitled to recover from Defendants one additional

6  hour of pay at their regular rate of compensation for each workday that a compliant meal

7  period was not provided as well as interest thereon.

8                          **FOURTH CAUSE OF ACTION**

9                    **VIOLATION OF CAL. LABOR CODE § 226.7**

10                          **Rest Break Violations**

11                          **(Against All Defendants)**

12      59.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

13      60.    California Labor Code section 226.7 and the applicable IWC Wage Order govern

14  Plaintiff and the other Class Members' employment by Defendants.

15      61.    California Labor Code section 226.7 provides that no employer shall require an

16  employee to work during any rest period mandated by an applicable order of the California IWC.

17      62.    The applicable IWC Wage Order provides that "[e]very employer shall authorize and

18  permit all employees to take rest periods, which insofar as practicable shall be in the middle of each

19  work period" and that the "rest period time shall be based on the total hours worked daily at the rate

20  of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily

21  work time is less than three and one-half (3½) hours."

22      63.    Defendants routinely required Plaintiff and the other Class Members to work three and

23  one-half (3 ½) or more hours without authorizing or permitting a compliant ten (10) minute rest period

24  per each four (4) hour period, or major fraction thereof, worked.

25      64.    Moreover, Defendants willfully required, suffered, and permitted Plaintiff and the other

26  Class Members to work during what should have been their rest periods. Defendants also failed to

27  relieve Plaintiff and the other Class Members of all duties for ten (10) minutes as required for

28  compliant rest breaks.

11

65.     As a result, Plaintiff worked through rest periods, took late rest periods, took interrupted rest periods, and/or took short rest periods, if at all.

66.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other Class Members were entitled to recover from Defendants one (1) additional hour of pay at their regular hourly rate of compensation for each workday that compliant rest period(s) were not provided.

67.     Defendants had no policy or practice to pay a premium when rest periods were missed, short, late, and/or interrupted, or otherwise failed to comply with California law, and thus Defendants failed to pay Plaintiff and the other Class Members the full rest period premium due to them in violation of California Labor Code section 226.7 and the applicable IWC Wage Order. Defendants failed to include all required wages and renumeration, including non-discretionary commissions, non-discretionary bonuses, and non-discretionary performance pay, when calculating regular rates of pay for rest period premiums and/or merely using straight time pay to calculate regular rates of pay for rest break premiums.

68.     Pursuant to the applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other Class Members are entitled to recover from Defendants one additional hour of pay at their regular rate of compensation for each workday compliant rest period(s) were not provided as well as interest thereon.

## FIFTH CAUSE OF ACTION

## VIOLATION OF CAL. LABOR CODE §§ 204 AND 210

### Wages Not Timely Paid During Employment

### (Against All Defendants)

69.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

70.     California Labor Code section 204 provides that all wages earned by any person in any employment between the 1st and 15th days, inclusive, of any calendar month, other than those wages due upon termination of an employee, are due and payable between the 16th and 26th day of the month during which the labor was performed.

71.     California Labor Code section 204 provides that all wages earned by any person in any

1  employment between the 16th and the last day, inclusive, of any calendar month, other than those
2  wages due upon termination of an employee, are due and payable between the 1st and the 10th day of
3  the following month.

4        72.    California Labor Code section 204 provides that all wages earned for labor in excess
5  of the normal work period shall be paid no later than the payday for the next regular payroll period.

6        73.    As a result of the violations set forth in detail above (failure to pay overtime, failure to
7  pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and
8  willfully failed to timely pay Plaintiff and the other Class Members all wages due to them within the
9  period permissible under California Labor Code section 204.

10        74.    Plaintiff and the other Class Members are entitled to recover all available remedies for
11  Defendants' violations of California Labor Code section 204, including statutory penalties pursuant to
12  California Labor Code section 210(b).

13  **SIXTH CAUSE OF ACTION**

14  **VIOLATION OF CAL. LABOR CODE § 226(a)**

15  **Wage Statement Violations**

16  **(Against All Defendants)**

17        75.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

18        76.    At all material times set forth herein, California Labor Code section 226(a) provides
19  that every employer shall furnish each of its employees an accurate itemized wage statement in writing,
20  including, but not limited to, the name and address of the legal entity that is the employer, total hours
21  worked, and all applicable hourly rates.

22        77.    As a result of the violations set forth in detail above (failure to pay overtime, failure to
23  pay minimum wages, meal break violations, and rest break violations), Defendants intentionally and
24  willfully failed to provide Plaintiff and the other Class Members with complete and accurate wage
25  statements. The deficiencies include, among other things, the failure to state all hours worked, the
26  failure to state the actual gross wages earned, the failure to include meal and rest break premiums, and
27  the failure to include correct rates of pay. Accordingly, Defendants violated California Labor Code
28  226(a).

78.     As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other Class Members have suffered injury and damage to their statutorily protected rights.

79.     Specifically, Plaintiff and the other Class Members have been injured by Defendants' intentional violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving accurate, itemized wage statements under California Labor Code section 226(a). In addition, because Defendants failed to provide the accurate number of total hours worked on wage statements, Plaintiff and the other Class Members have been prevented by Defendants from determining if all hours worked were paid and the extent of the underpayment. Plaintiff had to file this lawsuit, and will further have to conduct discovery, reconstruct time records, and perform computations in order to analyze whether in fact Plaintiff and the other Class Members were paid correctly and the extent of the underpayment, thereby causing Plaintiff to incur expenses and lost time. Plaintiff would not have had to engage in these efforts and incur these costs had Defendants provided the accurate number of total hours worked. This has also delayed Plaintiff's ability to demand and recover the underpayment of wages from Defendants.

80.     Plaintiff and the other Class Members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars ($4,000).

## SEVENTH CAUSE OF ACTION

### VIOLATION OF CAL. LABOR CODE §§ 201, 202, AND 203

**Untimely Final Wages**

**(Against All Defendants)**

81.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

82.     Pursuant to California Labor Code sections 201, 202, and 203, Defendants are required to timely pay all earned and unpaid wages to an employee who is discharged. California Labor Code section 201 mandates that if an employer discharges an employee, the employee's wages accrued and unpaid at the time of discharge are due and payable immediately. California Labor Code section 202 mandates that if an employee quits, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of

his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

83.    California Labor Code section 203 provides that if an employer willfully fails to pay, in accordance with California Labor Code sections 201 and 202, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than thirty (30) days.

84.    As a result of the violations set forth in detail above (failure to pay overtime, failure to pay minimum wages, meal break violations, and rest break violations), at the time that Plaintiff and the other Class Members' employment with Defendants ended, Defendants knowingly and willfully failed to pay them all wages owed to them pursuant to California Labor Code sections 201 and 202, including, without limitation, overtime wages, minimum wages, meal period premium wages, and rest period premium wages, and all wages due to Plaintiff and Class Members as they became due, as required per California Labor Code section 204.

85.    As a result, Plaintiff and the other Class Members are entitled to all available statutory penalties, including the waiting time penalties provided in California Labor Code section 203, together with interest thereon, as well as other available remedies.

**EIGHTH CAUSE OF ACTION**

**VIOLATION OF CAL. LABOR CODE §§ 2800 AND 2802**

**Failure to Reimburse Necessary Business Expenses**

**(Against All Defendants)**

86.    Plaintiff incorporates by reference the allegations in all preceding paragraphs.

87.    Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employees for all necessary expenditures incurred by the employee in direct consequence of the discharge of the employee's job duties or in direct consequence of the employee's job duties or in direct consequence of the employee's obedience to the directions of the employer.

88.    Plaintiff and the other Class Members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

**CLASS ACTION COMPLAINT**

89.     Defendants intentionally and willfully failed to reimburse Plaintiff and the other Class Members for all necessary business-related expenses and costs. Plaintiff and the other Class Members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of employment, plus interest accrued from the date on which Plaintiff and the other Class Members incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

## NINTH CAUSE OF ACTION

### VIOLATION OF CAL. BUSINESS & PROFESSIONS CODE §§ 17200, *ET. SEQ.*

#### Unfair and Unlawful Business Practices

#### (Against All Defendants)

90.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

91.     Each and every one of Defendants' acts and omissions in violation of the California Labor Code and/or the applicable IWC Wage Order as alleged in this Complaint, including but not limited to Defendants' failure and refusal to pay overtime compensation, Defendants' failure and refusal to pay minimum wages, Defendants' failure and refusal to provide required meal periods and/or pay meal period premiums, Defendants' failure and refusal to provide required rest periods and/or pay the required rest break premiums, Defendants' failure and refusal to timely pay wages at the correct rate during employment, Defendants' failure and refusal to furnish accurate itemized wage statements, Defendants' failure and refusal to reimburse business-related expenses and costs, and Defendants' failure and refusal to timely pay wages upon termination constitutes unfair and unlawful business practices under California Business and Professions Code sections 17200, *et seq.*

92.     Defendants' violations of California wage and hour laws constitute unfair and unlawful business practices because, among other things, they were done repeatedly over a significant period of time, and in a systematic manner, to the detriment of Plaintiff and the other Class Members.

93.     Defendants have avoided payment of overtime wages, minimum wages, meal period premiums, rest period premiums, timely wages at the correct rate of pay, and other benefits as required by the California Labor Code, the California Code of Regulations, and the applicable IWC Wage Order. Further, Defendants have failed to record, report, and pay the correct sums of assessment to the

state authorities under the California Labor Code and other applicable regulations.

94.     As a result of Defendants' unfair and unlawful business practices, Defendants have reaped unfair and illegal profits during Plaintiff and the other Class Members' tenure at the expense of Plaintiff, the other Class Members, and members of the public. Defendants should be made to disgorge their ill-gotten gains and to restore them to Plaintiff and the other Class Members.

95.     Defendants' unfair and unlawful business practices entitle Plaintiff and the other Class Members to seek preliminary and permanent injunctive relief, including but not limited to orders that Defendants account for, disgorge, and restore to Plaintiff and the other Class Members the wages and other compensation unlawfully withheld from them. Plaintiff and the other Class Members are entitled to restitution of all monies to be disgorged from Defendants in an amount according to proof at the time of trial.

## PRAYER FOR RELIEF

Plaintiff, on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1.      That this action be certified as a class action;

2.      That Plaintiff be appointed as the representative of the Class;

3.      That counsel for Plaintiff be appointed as Class Counsel; and

4.      That Defendants provide to Class Counsel the names and most current/last known contact information (addresses, e-mails, and telephone numbers) of all Class Members.

### As to the First Cause of Action

5.      That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other Class Members;

6.      For general unpaid wages and such general and special damages as may be appropriate;

7.      For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other Class Members in the amount as may be established according to proof at trial;

8.      For pre-judgment interest on any unpaid compensation from the date such amounts

1   were due;

2       9.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

3   Labor Code section 1194(a);

4       10.   For liquidated damages pursuant to California Labor Code section 1194.2; and

5       11.   For such other and further relief as the Court may deem just and proper.

6                 **As to the Second Cause of Action**

7       12.   That the Court declare, adjudge, and decree that Defendants violated California Labor

8   Code sections 510 and 1198 and the applicable IWC Wage Order by willfully failing to pay all

9   overtime wages due to Plaintiff and the other Class Members;

10      13.   For general unpaid wages at overtime wage rates and such general and special damages

11   as may be appropriate;

12      14.   For pre-judgment interest on any unpaid overtime compensation commencing from the

13   date such amounts were due;

14      15.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

15   Labor Code section 1194(a); and

16      16.   For such other and further relief as the Court may deem just and proper.

17                 **As to the Third Cause of Action**

18      17.   That the Court declare, adjudge, and decree that Defendants violated California Labor

19   Code sections 226.7 and 512 and the applicable IWC Wage Order by willfully failing to provide all

20   meal periods (including second meal periods) to Plaintiff and the other Class Members;

21      18.   For premium wages pursuant to California Labor Code section 226.7(c);

22      19.   For all actual, consequential, and incidental losses and damages, according to proof;

23      20.   For pre-judgment interest on any unpaid wages from the date such amounts were due;

24      21.   For reasonable attorneys' fees and costs of suit incurred herein; and

25      22.   For such other and further relief as the Court may deem just and proper.

26                 **As to the Fourth Cause Action**

27      23.   That the Court declare, adjudge, and decree that Defendants violated California Labor

28   Code section 226.7 and the applicable IWC Wage Order by willfully failing to provide all rest periods

1    to Plaintiff and the other Class Members;

2         24.    For premium wages pursuant to California Labor Code section 226.7(c);

3         25.    For all actual, consequential, and incidental losses and damages, according to proof;

4         26.    For pre-judgment interest on any unpaid wages from the date such amounts were due;

5    and

6         27.    For such other and further relief as the Court may deem just and proper.

7                        **As to the Fifth Cause of Action**

8         28.    That the Court declare, adjudge, and decree that Defendants violated California Labor

9    Code section 204 by willfully failing to pay all compensation owed at the time required by California

10   Labor Code section 204 to Plaintiff and the other Class Members;

11        29.    For statutory penalties pursuant to California Labor Code section 210; and

12        30.    For such other and further relief as the Court deems just and proper.

13                        **As to the Sixth Cause of Action**

14        31.    That the Court declare, adjudge, and decree that Defendants violated the provisions of

15   California Labor Code section 226(a) as to Plaintiff and the other Class Members, and willfully failed

16   to provide accurate itemized wage statements to them;

17        32.    For actual, consequential, and incidental losses and damages, according to proof;

18        33.    For statutory penalties pursuant to California Labor Code section 226(e);

19        34.    For injunctive relief to ensure compliance with this section, pursuant to

20   California Labor Code section 226(h); and

21        35.    For such other and further relief as the Court may deem just and proper.

22                        **As to the Seventh Cause of Action**

23        36.    That the Court declare, adjudge, and decree that Defendants violated California Labor

24   Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of

25   termination of the employment of Plaintiff and the other Class Members no longer employed by

26   Defendants;

27        37.    For all actual, consequential, and incidental losses and damages, according to proof;

28        38.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff

1 | and the other Class Members who have left Defendants' employ;

2 | 39.    For pre-judgment interest on any unpaid compensation from the date due; and

3 | 40.    For such other and further relief as the Court may deem just and proper.

4 | **As to the Eighth Cause of Action**

5 | 41.    That the Court declare, adjudge, and decree that Defendants violated California Labor

6 | Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other Class Members

7 | for all necessary business-related expenses as required by California Labor Code sections 2800 and

8 | 2802;

9 | 42.    For actual, consequential, and incidental losses and damages, according to proof;

10 | 43.    For the imposition of civil penalties and/or statutory penalties;

11 | 44.    For reasonable attorneys' fees and costs of suit incurred herein; and

12 | 45.    For such other and further relief as the Court may deem just and proper.

13 | **As to the Ninth Cause of Action**

14 | 46.    That the Court declare, adjudge, and decree that Defendants violated the following

15 | California Labor Code sections as to Plaintiff and the other Class Members: 1194, 1197, and 1197.1

16 | (by failing to pay minimum wages); 510 and 1198 (by failing to pay overtime wages); 226.7 and 512(a)

17 | (by failing to provide meal and rest periods or compensation in lieu thereof); 204 (by failing to timely

18 | pay wages during employment); 226(a) (by failing to provide accurate wage statements); 201, 202,

19 | and 203 (by failing to pay all wages owed upon termination); and 2800 and 2802 (by failing to

20 | reimburse business-related expenses);

21 | 47.    For restitution of unpaid wages to Plaintiff and all the other Class Members and all pre-

22 | judgment interest from the day such amounts were due and payable;

23 | 48.    For the appointment of a receiver to receive, manage, and distribute any and all funds

24 | disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

25 | result of violation of California Business and Professions Code sections 17200, *et seq.*;

26 | 49.    For reasonable attorneys' fees and costs of suit incurred herein pursuant to California

27 | Code of Civil Procedure section 1021.5; and

28 | 50.    For injunctive relief to ensure compliance with this section, pursuant to California

1  Business and Professions Code sections 17200, *et seq.*

2

3  Dated: June 17, 2024                     **BLACKSTONE LAW, APC**

4

5                                  By:  _____

6                                       Jonathan M. Genish, Esq.
                                         Barbara DuVan-Clarke, Esq.
7                                       Alexander K. Spellman, Esq.
                                         P.J. Van Ert, Esq.
8                                       Annabel F. Blanchard, Esq.

9                                       *Attorneys for* Plaintiff KEN HAKOMORI,
                                         individually, and on behalf of other similarly
10                                      situated employees

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

1

## <u>DEMAND FOR JURY TRIAL</u>

2
Plaintiff hereby demands a jury trial with respect to all issues triable of right by jury.

3

4
Dated: June 17, 2024                         **BLACKSTONE LAW, APC**

5

6                                                          By:

7                                                                Jonathan M. Genish, Esq.
                                                                 Barbara DuVan-Clarke, Esq.
8                                                                Alexander K. Spellman, Esq.
                                                                 P.J. Van Ert, Esq.
                                                                 Annabel F. Blanchard, Esq.
9

10                                                               *Attorneys for* Plaintiff KEN HAKOMORI,
                                                                 individually, and on behalf of other similarly
11                                                               situated employees

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Jonathan M. Genish (SBN 259031); Barbara DuVan-Clarke (SBN 259268); Alexander K. Spellman (SBN 250398); P.J. Van Ert (SBN 234858); Annabel F. Blanchard (SBN 258135)<br>BLACKSTONE LAW, APC<br>8383, Wilshire Blvd, Ste 745, Beverly Hills, CA 90211<br>TELEPHONE NO.: (310) 622-4278    FAX NO. :<br>EMAIL ADDRESS: bdc@blackstonepc.com; aspellman@blackstonepc.com; pjvanert@blackstonepc.com; ablanchard@blackstonepc.com<br>ATTORNEY FOR *(Name):* Plaintiff Ken Hakomori | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>06/17/2024 at 05:55:45 PM<br>By: Damaree Franklin,<br>Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA |
|---|
| STREET ADDRESS: 1225 Fallon Street |
| MAILING ADDRESS: 1225 Fallon Street |
| CITY AND ZIP CODE: Oakland, 94612 |
| BRANCH NAME: René C. Davidson Courthouse |

| CASE NAME:<br>Ken Hakomori v. Stanley Black & Decker, Inc. & HCL Global Systems, Inc. | |
|---|---|

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>24CV080131 |
|---|---|---|---|---|
| [X] Unlimited<br>(Amount demanded exceeds $35,000) | [ ] Limited<br>(Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [X] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [X] Substantial amount of documentary evidence
   d. [X] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [X] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* 9
5. This case [X] is    [ ] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 17, 2024

Jonathan M. Genish, Esq.
_____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2024]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**     **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

*Unified Rules of the Superior Court of California, County of Alameda*

F. ADDENDUM TO CIVIL CASE COVER SHEET

| Short Title: Ken Hakomori v. Stanley Black & Decker, Inc. & HCL Global Systems, Inc. | Case Number: |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM

**THIS FORM IS REQUIRED IN ALL NEW <u>UNLIMITED</u> CIVIL CASE FILINGS IN THE**
**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA**

[ X ]  Oakland, Rene C. Davidson Alameda County Courthouse  (446)

[ ] Hayward Hall of Justice (447)
[ ] Pleasanton, Gale-Schenone Hall of Justice (448)

| Civil Case Cover Sheet Category | Civil Case Cover Sheet Case Type | Alameda County Case Type (check only one) |
|---|---|---|
| Auto Tort | Auto tort (22) | [ ]  34  Auto tort (G)<br>**Is this an uninsured motorist case? [ ] yes [ ] no** |
| Other PI /PD /<br>WD Tort | Asbestos (04) | [ ]  75  Asbestos (D) |
| | Product liability (24) | [ ]  89  Product liability (<u>not</u> asbestos or toxic tort/environmental) (G) |
| | Medical malpractice (45) | [ ]  97  Medical malpractice (G) |
| | Other PI/PD/WD tort (23) | [ ]  33  Other PI/PD/WD tort (G) |
| Non - PI /PD /<br>WD Tort | Bus tort / unfair bus. practice (07) | [ ]  79  Bus tort / unfair bus. practice (G) |
| | Civil rights (08) | [ ]  80  Civil rights (G) |
| | Defamation (13) | [ ]  84  Defamation (G) |
| | Fraud (16) | [ ]  24  Fraud (G) |
| | Intellectual property (19) | [ ]  87  Intellectual property (G) |
| | Professional negligence (25) | [ ]  59  Professional negligence - non-medical (G) |
| | Other non-PI/PD/WD tort (35) | [ ]  03  Other non-PI/PD/WD tort (G) |
| Employment | Wrongful termination (36) | [ ]  38  Wrongful termination (G) |
| | Other employment (15) | [ X ]  85  Other employment (G) |
| | | [ ]  53  Labor comm award confirmation |
| | | [ ]  54  Notice of appeal - L.C.A. |
| Contract | Breach contract / Wrnty (06) | [ ]  04  Breach contract / Wrnty (G) |
| | Collections (09) | [ ]  81  Collections (G) |
| | Insurance coverage (18) | [ ]  86  Ins. coverage - non-complex (G) |
| | Other contract (37) | [ ]  98  Other contract (G) |
| Real Property | Eminent domain / Inv Cdm (14) | [ ]  18  Eminent domain / Inv Cdm (G) |
| | Wrongful eviction (33) | [ ]  17  Wrongful eviction (G) |
| | Other real property (26) | [ ]  36  Other real property (G) |
| Unlawful Detainer | Commercial (31) | [ ]  94  Unlawful Detainer - commercial  **Is the deft. in possession** |
| | Residential (32) | [ ]  47  Unlawful Detainer - residential  **of the property?** |
| | Drugs (38) | [ ]  21  Unlawful detainer - drugs  **[ ] Yes   [ ] No** |
| Judicial Review | Asset forfeiture (05) | [ ]  41  Asset forfeiture |
| | Petition re: arbitration award (11) | [ ]  62  Pet. re: arbitration award |
| | Writ of Mandate (02) | [ ]  49  Writ of mandate |
| | | **Is this a CEQA action (Publ.Res.Code section 21000 et seq) [ ] Yes [ ] No** |
| | Other judicial review (39) | [ ]  64  Other judicial review |
| Provisionally<br>Complex | Antitrust / Trade regulation (03) | [ ]  77  Antitrust / Trade regulation |
| | Construction defect (10) | [ ]  82  Construction defect |
| | Claims involving mass tort (40) | [ ]  78  Claims involving mass tort |
| | Securities litigation (28) | [ ]  91  Securities litigation |
| | Toxic tort / Environmental (30) | [ ]  93  Toxic tort / Environmental |
| | Ins covrg from cmplx case type (41) | [ ]  95  Ins covrg from complex case type |
| Enforcement of<br>Judgment | Enforcement of judgment (20) | [ ]  19  Enforcement of judgment |
| | | [ ]  08  Confession of judgment |
| Misc Complaint | RICO (27) | [ ]  90  RICO (G) |
| | Partnership / Corp. governance (21) | [ ]  88  Partnership / Corp. governance (G) |
| | Other complaint (42) | [ ]  68  All other complaints (G) |
| Misc. Civil Petition | Other petition (43) | [ ]  06  Change of name |
| | | [ ]  69  Other petition |

202-19 (5/1/00)

A-13

| **SUPERIOR COURT OF CALIFORNIA**<br>**COUNTY OF ALAMEDA** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>06/17/2024 |
| PLAINTIFF:<br>KEN HAKOMORI | Chad Finke, Executive Officer / Clerk of the Court |
| DEFENDANT:<br>STANLEY BLACK & DECKER, INC. et al | By: _____ Deputy<br>D. Franklin |
| **NOTICE OF CASE MANAGEMENT CONFERENCE** | CASE NUMBER:<br>24CV080131 |

TO THE PLAINTIFF(S)/ATTORNY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve all named defendants and file proofs of service on those defendants with the court within 60 days of the filing of the complaint (Cal. Rules of Court, 3.110(b)).

Give notice of this conference to all other parties and file proof of service.

Your Case Management Conference has been scheduled on:

| | |
|---|---|
| Date: 10/15/2024   Time: 8:30 AM   Dept.: 21 | |
| Location: Rene C. Davidson Courthouse<br>Administration Building, 1221 Oak Street, Oakland, CA 94612 | |

TO DEFENDANT(S)/ATTORNEY(S) FOR DEFENDANT(S) OF RECORD:

The setting of the Case Management Conference does not exempt the defendant from filing a responsive pleading as required by law, you must respond as stated on the summons.

TO ALL PARTIES who have appeared before the date of the conference must:

Pursuant to California Rules of Court, 3.725, a completed Case Management Statement (Judicial Council form CM-110) must be filed and served at least 15 calendar days before the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record.

**Meet and confer**, in person or by telephone as required by Cal. Rules of Court, rule 3.724.

**Post jury fees** as required by Code of Civil Procedure section 631.

If you do not follow the orders above, the court may issue an order to show cause why you should not be sanctioned under Cal. Rules of Court, rule 2.30. Sanctions may include monetary sanctions, striking pleadings or dismissal of the action.

The judge may place a Tentative Case Management Order in your case's on-line register of actions before the conference. This order may establish a discovery schedule, set a trial date or refer the case to Alternate Dispute Resolution, such as mediation or arbitration. Check the court's eCourt Public Portal for each assigned department's procedures regarding tentative case management orders at https://eportal.alameda.courts.ca.gov.

Form Approved for Mandatory Use
Superior Court of California,
County of Alameda
ALA CIV-100 [Rev. 10/2021]

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ALAMEDA | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Rene C. Davidson Courthouse<br>1225 Fallon Street, Oakland, CA 94612 | **FILED**<br>Superior Court of California<br>County of Alameda<br>06/17/2024<br>Chad Finke, Executive Officer/Clerk of the Court<br>By: _____ Deputy<br>D. Franklin |
| PLAINTIFF/PETITIONER:<br>KEN HAKOMORI | |
| DEFENDANT/RESPONDENT:<br>STANLEY BLACK & DECKER, INC. et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>24CV080131 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the attached document upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Oakland, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Jonathan M. Genish
BLACKSTONE LAW, APC
8383 Wilshire Boulevard, Suite 745 Suite 745
Beverly Hills, CA 90211

Chad Finke, Executive Officer / Clerk of the Court

Dated: 06/18/2024                 By:

D. Franklin, Deputy Clerk

**CERTIFICATE OF MAILING**

ELECTRONICALLY FILED
Superior Court of California,
County of Alameda
06/21/2024 at 08:21:59 PM
By: Anthony Zapotoczny,
Deputy Clerk

1 | Barbara DuVan-Clarke (State Bar No. 259268)
bdc@blackstonepc.com
2 | Alexander K. Spellman (State Bar No. 250398)
aspellman@blackstonepc.com
3 | P.J. Van Ert (State Bar No. 234858)
pjvanert@blackstonepc.com
4 | Annabel Blanchard (State Bar No. 258135)
ablanchard@blackstonepc.com
5 | **BLACKSTONE LAW, APC**
6 | 8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
7 | Telephone: (310) 622-4278 / Fax: (855) 786-6356

8 | Attorneys for Plaintiff KEN HAKOMORI

9

10 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 | **FOR THE COUNTY OF ALAMEDA**

12

13

14 | KEN HAKOMORI, individually and on behalf
of others similarly situated,

15 | Plaintiff,

16

17 | vs.

18 | STANLEY BLACK & DECKER, INC.; HCL
GLOBAL SYSTEMS, INC.; and DOES 1
19 | through 25, inclusive,

20 | Defendants.

Case No. 24CV080131

*Assigned to the Hon. Noël Wise*

*Dept.: 21*

**PLAINTIFF'S NOTICE OF POSTING OF JURY FEES**

Complaint Filed: June 17, 2024
Trial Date: Not Set

1   **TO THE ABOVE-ENTITLED COURT, THE CLERK THEROF, AND TO ALL PARTIES**

2   **AND THEIR ATTORNEYS OF RECORD:**

3           PLEASE TAKE NOTICE that Plaintiff KEN HAKOMORI hereby posts jury fees pursuant to

4   California Code of Civil Procedure section 631, in the amount of $150.00.

5

6   Dated: June 21, 2024                 **BLACKSTONE LAW, APC**

7

8

9

10                       By:

11                           Barbara DuVan-Clarke

                          Attorneys for Plaintiff KEN HAKOMORI

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

**PLAINTIFF'S NOTICE OF POSTING OF JURY FEES**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Jonathan Genish | SBN: 259031
BLACKSTONE PC
8383 Wilshire Blvd Ste 745 Beverly Hills, CA 902112442

TELEPHONE NO.: (310) 971-9450 | FAX NO. | E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff: KEN HAKOMORI

*FOR COURT USE ONLY*

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/01/2024 at 12:23:13 PM
By: Guadalup Acevedo Zetina,
Deputy Clerk

**ALAMEDA COUNTY SUPERIOR COURT**

STREET ADDRESS: 1225 FALLON STREET
MAILING ADDRESS:
CITY AND ZIP CODE: OAKLAND, CA
BRANCH NAME:

PLAINTIFF: KEN HAKOMORI

DEFENDANT: STANLEY BLACK & DECKER, INC., et al.

CASE NUMBER:
24CV080131

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:
KEN HAKOMORI

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **NOTICE OF CASE MANAGEMENT CONFERENCE**
3. a. Party served *(specify name of party as shown on documents served):*
   **STANLEY BLACK & DECKER, INC.**

   b. ☑ Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **NICOLE STAUSS ON BEHALF OF CSC - LAWYERS INCORPORATING SERVICE - AGENT FOR SERVICE OF PROCESS**
4. Address where the party was served: **2710 Gateway Oaks Dr Ste 150N**
   **Sacramento, CA 95833-3502**
5. I served the party *(check proper box)*
   a. ☑ **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **6/24/2024** (2) at *(time):* **1:54 PM**

   b. ☐ **by substituted service.** On *(date):* at *(time):* I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      (1) ☐ **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him of her of the general nature of the papers.

      (2) ☐ **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) ☐ **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him of her of the general nature of the papers.

      (4) ☐ I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):* from *(city):* **or** ☐ a declaration of mailing is attached.

      (5) ☐ I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

POS010-1/1053886

| PETITIONER:  **KEN HAKOMORI** | |
|---|---|
| RESPONDENT:  **STANLEY BLACK & DECKER, INC., et al.** | **24CV080131** |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*               (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

    a. ☐ as an individual defendant.
    b. ☐ as the person sued under the fictitious name of *(specify):*
    c. ☐ as occupant.
    d. ☑ On behalf of:  **STANLEY BLACK & DECKER, INC.**
        under the following Code of Civil Procedure section:

        ☑ 416.10 (corporation)            ☐ 415.95 (business organization, form unknown)
        ☐ 416.20 (defunct corporation)         ☐ 416.60 (minor)
        ☐ 416.30 (joint stock company/association)   ☐ 416.70 (ward or conservatee)
        ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
        ☐ 416.50 (public entity)            ☐ 415.46 (occupant)
                                         ☐ other:

7. **Person who served papers**
    a. Name:  **Jonathan Shisler - Steno Agency, Inc.**
    b. Address:  **315 West 9th Street  Los Angeles, CA 90015**
    c. Telephone number:  **(213) 516-4166**
    d. **The fee** for service was: **$**
    e. I am:

        (1) ☐ not a registered California process server.
        (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
        (3) ☑ registered California process server:
            (i) ☐ owner   ☐ employee     ☑ independent contractor.
            (ii) Registration No.: **2008-10**
            (iii) County: **Sacramento**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

    Date: **6/28/2024**

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**www.steno.com**

        **Jonathan Shisler**          ▶
    (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)          (SIGNATURE)

POS-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): *FOR COURT USE ONLY*<br>Jonathan Genish (SBN 259031)<br>BLACKSTONE PC<br>8383 Wilshire Blvd Ste 745   Beverly Hills, CA 902112442<br><br>TELEPHONE NO.: (310) 971-9450 | FAX NO.: | E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: Plaintiff: KEN HAKOMORI | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Alameda<br>06/26/2024 at 01:58:26 PM<br>By: Carrie Thao,<br>Deputy Clerk |

**ALAMEDA COUNTY SUPERIOR COURT**

STREET ADDRESS: 1225 FALLON STREET

MAILING ADDRESS:

CITY AND ZIP CODE: OAKLAND, CA

BRANCH NAME:

| | |
|---|---|
| PLAINTIFF:  KEN HAKOMORI | CASE NUMBER: |
| DEFENDANT:  STANLEY BLACK & DECKER, INC., et al. | 24CV080131 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>KEN HAKOMORI |

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. ☑ Summons
   b. ☑ Complaint
   c. ☐ Alternative Dispute Resolution (ADR) package
   d. ☑ Civil Case Cover Sheet  *(served in complex cases only)*
   e. ☐ Cross-complaint
   f. ☑ other *(specify documents):* **NOTICE OF CASE MANAGEMENT CONFERENCE**

3. a.  Party served *(specify name of party as shown on documents served):*
   **HCL GLOBAL SYSTEMS, INC.**

   b. ☑  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **BRIANNA R. ON BEHALF OF INCORP SERVICES, INC. - AGENT FOR SERVICE OF PROCESS**

4. Address where the party was served:  **5716 Corsa Ave Ste 110**
   **Westlake Village, CA 91362-7354**

5. I served the party *(check proper box)*
   a. ☑  **by personal service.**   I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **6/25/2024**    (2) at *(time):* **1:49 PM**
   **Age: 20s Weight: 155 Hair: Black Sex: Female Height: 5'5" Eyes:  Race: Hispanic**

   b. ☐  **by substituted service.** On *(date):*  at  *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

   (1) ☐  **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served.  I informed him of her of the general nature of the papers.

   (2) ☐  **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party.  I informed him or her of the general nature of the papers.

   (3) ☐  **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box.  I informed him of her of the general nature of the papers.

   (4) ☐  I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on
   *(date):*    from *(city):*                                    **or** ☐  a declaration of mailing is attached.

   (5) ☐  I attach a  **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date):*                    (2) from *(city):*

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30.)*

  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☑ On behalf of: **HCL GLOBAL SYSTEMS, INC.**

  under the following Code of Civil Procedure section:

  ☑ 416.10 (corporation)              ☐ 415.95 (business organization, form unknown)
  ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
  ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
  ☐ 416.40 (association or partnership)     ☐ 416.90 (authorized person)
  ☐ 416.50 (public entity)             ☐ 415.46 (occupant)
                               ☐ other:

7. **Person who served papers**

a. Name: **Randolph Wright - Steno Agency, Inc.**

b. Address: **315 West 9th Street  Los Angeles, CA 90015**

c. Telephone number: **(213) 516-4166**

d. **The fee** for service was: $

e. I am:

  (1) ☐ not a registered California process server.

  (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

  (3) ☑ registered California process server:

    (i) ☐ owner   ☐ employee   ☑ independent contractor.

    (ii) Registration No.: **612**

    (iii) County: **Ventura**

8. ☑ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: **6/26/2024**

**Steno Agency, Inc.**
**315 West 9th Street**
**Los Angeles, CA 90015**
**(213) 516-4166**
**www.steno.com**

_____
**Randolph Wright**                            ▶
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
### Rene C. Davidson Courthouse, Department 21

## JUDICIAL OFFICER: HONORABLE NOËL WISE

Courtroom Clerk: Dazimon Kinney                                          CSR: None

---

**24CV080131**                                                          July 17, 2024
                                                                         1:30 PM

**HAKOMORI**
  **vs**
**STANLEY BLACK & DECKER, INC., et al.**

---

### MINUTES

**NATURE OF PROCEEDINGS: Complex Determination Hearing**

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Initial Case Management Conference scheduled for 10/15/2024 is continued to 07/21/2025 at 01:30 PM in Department 21 at Rene C. Davidson Courthouse .

Plaintiff must file a motion for class certification prior to the July 21, 2025 hearing.

The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.

Order has been filed.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

By:         D. Kinney, Deputy Clerk
            Minutes of: 07/17/2024
            Entered on: 07/17/2024

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

| | |
|---|---|
| KEN HAKOMORI<br>                    Plaintiff/Petitioner(s)<br>                    vs.<br>STANLEY BLACK & DECKER,<br>INC. et al<br>                    Defendant/Respondent<br>(s) | No.      24CV080131<br><br>Date:    07/17/2024<br>Time:    1:30 PM<br>Dept:    21<br>Judge:   Noël Wise<br><br>ORDER re: Complex Determination<br>Hearing |

COMPLEX DETERMINATION

The Court designates this case as complex pursuant to Rule 3.400 et seq. of the California Rules of Court. Counsel are advised to be familiar with the Alameda County Local Rules concerning complex litigation, including Rule 3.250 et seq. An order assigning the case to a judge and an initial case management order will be issued.

COMPLEX CASE FEES

Pursuant to Government Code section 70616, any non-exempt party who has appeared in the action but has not paid the complex case fee is required to pay the fee within ten days of the filing of this order. The complex case fee is $1,000 for each plaintiff or group of plaintiffs appearing together and $1,000 PER PARTY for each defendant, intervenor, respondent or other adverse party, whether filing separately or jointly, up to a maximum of $18,000 for all adverse parties. All payments must identify on whose behalf the fee is submitted. Please submit payment to the attention of the Complex Litigation Clerk located in the Civil Division at the Rene C. Davidson Courthouse, 1225 Fallon Street, Oakland, CA 94612. Please make check(s) payable to the Clerk of the Superior Court. Documents may continue to be filed as allowed under Local Rule 1.9. Note that for those admitted pro hac vice, there is also an annual fee. (Gov't Code section 70617.)

PROCEDURES

Calendar information, filings, and tentative rulings are available to the public at http://www.alameda.courts.ca.gov/domainweb/. All counsel are expected to be familiar and to comply with pertinent provisions of the Code of Civil Procedure, the California Rules of Court, the Alameda County Superior Court Local Rules and the procedures outlined on the domain web page of the assigned department.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) shall have a continuing obligation to serve a copy of this order on newly

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
## Rene C. Davidson Courthouse

joined parties defendant not listed on the proof of service of this order and file proof of service. Each party defendant joining any third party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service.

Pursuant to Government Code Sections 70616(a) and 70616(b), a single complex fee of one thousand dollars ($1,000.00) must be paid on behalf of all plaintiffs. For defendants, a complex fee of one thousand dollars ($1,000.00) must be paid for each defendant, intervenor, respondent or adverse party, not to exceed, for each separate case number, a total of eighteen thousand dollars ($18,000.00), collected from all defendants, intervenors, respondents, or adverse parties. All such fees are ordered to be paid to Alameda Superior Court, within 10 days of service of this order.

The Initial Case Management Conference scheduled for 10/15/2024 is continued to 07/21/2025 at 01:30 PM in Department 21 at Rene C. Davidson Courthouse .

Plaintiff must file a motion for class certification prior to the July 21, 2025 hearing.

The parties shall, no later than 15 calendar days before the next case management hearing, file a joint case management statement on pleading paper.

Order has been filed.

The Court orders counsel to obtain a copy of this order from the eCourt portal.

Dated :  07/17/2024

Noel Wise / Judge

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF ALAMEDA
Rene C. Davidson Courthouse

FILED
Superior Court of California
County of Alameda

07/17/2024

Chad Finke, Executive Officer/Clerk of the Court

By: _____ Deputy

D. Kinney

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ALAMEDA

| | |
|---|---|
| P░SUT U░░@░ | Case No.  GⒸ ÔX░l ₤FH╞ |
| Plaintiffs | |
| ÙV@░ ŠÒŸ░Š@░Š░B░ÔÒ░Š░Ù░▒@░Ô░▒░c░4░ | INITIAL CASE MANAGEMENT ORDER |
| Defendants | ASSIGNED FOR ALL PRE-TRIAL PURPOSES TO: JUDGE NOËL WISE DEPARTMENT 21 |
| | |

The following order shall apply to all parties in this action:

## CASE MANAGEMENT CONFERENCES

At Case Management Conferences (CMCs), the Court will address discovery

issues, schedules, and other subjects pursuant to CRC 3.750.  Counsel attending CMCs

must be thoroughly familiar with the case.  The Court permits remote CMC appearances

by video conference.  Parties are to meet and confer in advance of the CMC regarding the

form of their appearance.  The Court prefers all speaking participants for all parties to

participate from the same platform, i.e., all speaking participants should be prepared to

attend either by videoconference or in person.  (The Court does not have a preference re

the manner of attendance of non-speaking participants.)

At the Initial CMC, the parties must be prepared to discuss the nature of the case,

both factually and legally, as well as the projected management of the case at each stage,

including the prospective use of lead counsel and a common complaint.  The CMC is not

1

a perfunctory hearing.  The primary objective of the CMC is to develop a comprehensive plan for a just and efficient determination of the litigation.

Courtesy copies of all CMC statements must be emailed to dept21@alameda.courts.ca.gov and must also be delivered in hard copy directly to Dept. 21 if they exceed five pages.  The filing and delivery date is not later than fifteen (15) days before the CMC unless otherwise directed.

The Parties shall prepare and file a joint CMC statement, prepared in narrative form (not using Form CM-110), after counsel have met and conferred in person or via telephone or videoconference as required by CRC 3.724.  Written or emailed exchanges do not meet the Court's good faith meet and confer requirements.

Initial CMC statements must address the following issues when applicable:

A. A brief factual summary to assist the Court in understanding the background of the case, a statement of the issues presented, including each theory of liability and defense and a summary of the facts supporting each position taken, and the relief sought, including an estimate of damages.

B. The number of parties and their posture, including a proposed structure of representation (e.g., liaison/lead counsel or by committee);

C. Deadlines and limits on joinder of parties and amended or additional pleadings;

D. Class discovery and class certification, if applicable;

E. A proposed schedule for the conduct of the litigation including, but not limited to a discovery plan, a plan for hearing remaining law and motion, proposed

mediation dates, projected dates for filing motions for class certification (if applicable), and trial;

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence and/or agreement re a related protective order;

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

    (1)  unserved parties and the reasons for the failure to serve;

    (2)  unserved and/or unfiled cross-complaints;

    (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;

    (4)  any possible jurisdictional or venue issues that may arise;

    (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;

    (6)  unresolved law and motion matters;

    (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;

    (8)  severance or bifurcation of issues for trial; and

    (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel may make suggestions for streamlining the litigation, including, but not limited to, a master file system, common complaints and/or answers, designation of lead counsel [for plaintiff(s) and/or defendant(s)] to streamline service of process and/or management of discovery, the use of e-filing, and

the use of a web-page maintained by lead counsel for the purpose of posting

the litigation schedule and agenda. Counsel may also address ways of

structuring the trial of the action such as bifurcation, severance, bell-weather

trials, use of special masters, use of expedited jury procedures and/or waiver

of jury.

I. If the action is a Judicial Council Coordinated Proceeding (JCCP), the initial

CMC statement must also include a list of cases that the parties agree should

be coordinated within the JCCP.  The list may be supplemented in later CMC

statements as additional cases are added to the JCCP through stipulation or

otherwise. (CRC 3.544.)

Parties are advised to check the Court's register of actions before appearing at any

CMC, including the Initial Case Management Conference, to determine if the Court has

issued an order, or a tentative case management order.  The Court will endeavor to issue

tentative case management orders (TCMOs) at least two days before the CMC.  If a

TCMO is published, it will become the order of the Court unless counsel or self-

represented party notifies the Court and opposing counsel/self-represented party by email

and through eCourt prior to 3:00 p.m. the court day before the CMC that they wish to

appear at the CMC to discuss or contest some aspect of the order.  Parties may not contest

a TCMO until they have met and conferred in good faith and in person (or via video or

telephone conference) concerning the potential areas of dispute or discussion.  If

subsequent agreement is not reached, the request to appear sent to the Court must, in a

non-argumentative manner, succinctly detail the meet and confer efforts, the topics the

parties wish to discuss, and the parties' respective positions. (Please note that the

Tentative Rulings posted on the website are for tentative rulings on law and motion matters and will not display TCMOs. The TCMOs are found in the Register of Action.) Department 21 may be reached at Dept21@alameda.courts.ca.gov.

MOTIONS FOR CLASS CERTIFICATION

Plaintiffs are expected to file their motion for class certification no later than 13 months after filing the complaint.  Parties are to include related updates in their initial and supplemental CMC statements.

NOTICE OF FEE CHANGES - JURY TRIAL FEE

The advance jury fee is fixed at $150.00 and is not refundable.  With certain exceptions, the jury trial fee is due on or before the date scheduled for the initial case management conference. (C.C.P. § 631(b).)

DISCOVERY

Discovery Conference: Motions related to discovery (i.e. motions to compel, protective orders etc.) may not be filed without leave of the Court until after an informal discovery conference pursuant to revised Local Rule 3.31 (amended effective January 1, 2023). A party may request an IDC by joint email to dept21@alameda.courts.ca.gov. Any IDC request must include a succinct, non-argumentative narration of the parties' good faith meet and confer efforts (in person, or via video or telephone conference), and the remaining areas of disagreement. The IDC is not a pro forma step before a motion. Parties are to continue their in person meet and confer efforts after the submission of their IDC statements.  Parties are to email the Court with their request to withdraw the IDC or narrow the issues to be discussed prior to 9:00 a.m. on the date of the IDC.

EMAILS TO COURT

Emails to the Court are not part of the Court record in this case and may be deleted without notice.  Email is not a substitute for required filings. Any emails should be copied to all counsel. The Department 21 email may only be used for the following purposes: to seek a reservation to schedule a proceeding on the Court's calendar, to give notice that a settlement has been reached, to request that a motion be withdrawn, to request an IDC (and transmit IDC statements), to notify the Court of emergency scheduling issues (i.e. running late to a hearing), to contest a tentative ruling, to reply to an inquiry from the clerk or research attorney of Department 21, to communicate with the courtroom clerk regarding department 21 procedures (that are not otherwise addressed in this order, the local rules, or on the Department or Court web site), to deliver courtesy copies fewer than 5 pages in length (including all attachments), or to communicate re other matters that the Court has expressly authorized in this case.

If any email communications to the Court include ex parte communications, attempt to argue issues not properly noticed, or are rude or unprofessional, then the clerk will not pass on the communication to the Court, and it will not be considered.  However, improper communications may be the subject of sanctions ordered sua sponte by the Court, or after consideration of a noticed motion.  The Court may also sua sponte file in the register of action any email communications transmitted to the Court by a party or counsel.

<u>PRO HAC VICE PROCESS</u>

Applications for Pro Hac Vice must be submitted by noticed motion on regular time, or, if it is a time sensitive matter, a request for an order shortening time must be submitted.  Applications will not be considered on an ex parte basis.  (CRC 9.40.)

NOTICE

Parties are advised that CASE MANAGEMENT ORDERS, including trial setting orders, and FINAL RULINGS ON LAW AND MOTION that are issued by Dept. 21 will be published in the Court's website in the Register of Action for this case.  The clerk of the Court WILL NOT serve each party a copy of future orders.  Unless otherwise ordered, counsel must obtain copies of all future orders from the Register of Action in this case.

SERVICE OF THIS ORDER

Counsel for plaintiff(s) has a continuing obligation to serve a copy of this order on newly joined parties not listed on the proof of service of this order and file proof of service. Each party defendant joining any third-party cross-defendant shall have a continuing duty to serve a copy of this order on newly joined cross-defendants and to file proof of service. The Court directs the clerk to serve a copy of this CASE MANAGEMENT ORDER upon counsel for Plaintiff(s).

DATED: 07/17/2024

_____

NOËL WISE, JUDGE
Noël Wise / Judge

_____

CLERK'S CERTIFICATE OF SERVICE

I certify that I am not a party to this cause and that a true and correct copy of the foregoing document was mailed first class, postage prepaid, in a sealed envelope, addresses shown below, and that the

mailing of the foregoing and execution of this certificate occurred at 1225 Fallon Street, Oakland, California.

Executed: 07/17/2024

Courtroom Clerk, Dept. 21

D. Kinney, Deputy Clerk

8

**ELECTRONICALLY FILED**
Superior Court of California,
County of Alameda
07/23/2024 at 03:35:40 PM
By: Darmekia Oliver,
Deputy Clerk

Amanda C. Sommerfeld (SBN 185052)
asommerfeld@jonesday.com
JONES DAY
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071.2452
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Aileen H. Kim (SBN 324522)
aileenkim@jonesday.com
Courtney P. O'Connor (SBN 353818)
courtneyoconnor@jonesday.com
JONES DAY
311 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7529

Attorneys for Defendant
STANLEY BLACK & DECKER, INC.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

| | |
|---|---|
| KEN HAKOMORI, individually, and on behalf of other similarly situated employees, | Case No. 24CV080131 |
| Plaintiff, | Assigned for all purposes to: Hon. Noel Wise, Department 21 |
| v. | |
| STANLEY BLACK & DECKER, INC.; HCL GLOBAL SYSTEMS, INC.; and DOES 1 through 25, inclusive, | **DEFENDANT STANLEY BLACK & DECKER, INC.'S ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| Defendants. | Date Action Filed: June 17, 2024 |

Defendant Stanley Black & Decker, Inc. ("SBD" or "Defendant") answers the unverified Class Action Complaint filed by Plaintiff Ken Hakomori, which includes claims brought on behalf of himself and other similarly situated employees of Defendant (collectively, referred to as "Plaintiff") as follows.

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure § 431.30(d), Defendant denies, generally and specifically, each and every allegation, statement, matter, and purported cause of action in Plaintiff's unverified Complaint and, without limiting the generality of the foregoing, denies, generally and specifically, that Plaintiff has been damaged in the manner or sums alleged, or in any way at all, by any acts or omissions of Defendant.  Defendant also objects to Plaintiff's demand for a jury trial as to equitable claims, including under Business & Professions Code §§ 17200 et seq. ("UCL"), on the ground that no right to a jury trial exists.

## AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendant asserts the following affirmative and other defenses without admitting that Plaintiff has any right whatsoever to the relief requested.  Nothing stated herein constitutes a concession as to whether Plaintiff or Defendant bears the burden of proof on any issue.

## FIRST AFFIRMATIVE DEFENSE

(Non-joinder/Misjoinder – All Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred in whole as to Defendant because it is misjoined as a party. *See* Cal. Civ. Proc. Code § 430.10(d). Further, the Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because there is a defect and/or failure to join an indispensable or necessary party or parties to this action.

## SECOND AFFIRMATIVE DEFENSE

(No Employment Relationship – All Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent that no employment relationship existed between Plaintiff and Defendant,

- 1 -

and Defendant is/was not the employer or joint employer of Plaintiff.

### THIRD AFFIRMATIVE DEFENSE

(Venue Improper – All Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent that the venue is improper or an alternative venue is more appropriate. *See* Cal. Civ. Proc. Code § 395.5 ("A corporation or association may be sued in the county where the contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases.") On information and belief, Plaintiff performed services in Fontana, California, and performed no services in Alameda County, where the action was filed.

### FOURTH AFFIRMATIVE DEFENSE

(Arbitration and Class Action Waiver– All Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent that one or more arbitration agreements and class action waivers cover Plaintiff and/or some of the current or former employees Plaintiff purports to represent because they are subject to binding arbitration under those agreement(s).

### FIFTH AFFIRMATIVE DEFENSE

(Indemnification– All Causes of Action)

Defendant is informed and believes and thereon alleges that any purported damages or harm allegedly suffered by Plaintiff, and/or the class members that he purports to represent, are the result of acts or omissions of third person(s) over whom Defendant had neither control nor responsibility, and for which indemnification applies under equitable and/or contractual principles.

### SIXTH AFFIRMATIVE DEFENSE

(Vicarious Liability/Misconduct of Third Parties – All Causes of Action)

Any and all harm to Plaintiff alleged in the Complaint was a result of Plaintiff's own acts and/or omissions, or those of third parties, and are not a result of any act or omission by

- 2 -

Defendant. Defendant cannot be held vicariously liable for the acts and omissions of those individuals and entities outside of its control and responsibility.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure To State A Cause Of Action – All Causes of Action)

Plaintiff's Complaint, and each cause of action alleged therein, fails to state a claim sufficient to constitute a cause of action against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

### (Standing – All Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, the extent that Plaintiff lacks standing to assert them.

## NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations – All Causes of Action)

Plaintiff's Complaint, and each cause of action alleged therein, is barred, in whole or in part, by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure §§ 338 and 340 and California Business and Professions Code § 17208.

## TENTH AFFIRMATIVE DEFENSE

### (Laches, Waiver, Estoppel, and Unclean Hands – All Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, under the doctrines of laches, waiver, estoppel and/or unclean hands, to the extent the alleged damages were caused by Plaintiff's own failure (or the failure of the Class Members that he seeks to represent) to comply with directives that all hours worked shall be recorded, and all timely, duty free meal and rest breaks must be taken. *See, e.g., White v. Starbucks Corp.*, 497 F. Supp. 2d 1080, 1089 (N.D. Cal. 2007) (rejecting suggestion that "employees would be able to manipulate the process and manufacture claims by skipping breaks or taking breaks of fewer than 30 minutes, entitling them to compensation of one hour of pay for each violation.").

///

///

///

- 3 -

1

**ELEVENTH AFFIRMATIVE DEFENSE**

2

(Settlement/Release– All Cause of Action)

3

Plaintiff's Complaint, and each and every cause of action alleged therein, including those

4

asserted on behalf of absent class members, is barred, in whole or in part, under the doctrines of

5

settlement/release to the extent that Plaintiff and/or members of the class he purports to represent

6

released some or all of the claims asserted in the Complaint.

7

**TWELFTH AFFIRMATIVE DEFENSE**

8

(Res Judicata– All Causes of Action)

9

The Complaint, and each and every cause of action alleged therein, including those

10

asserted on behalf of absent class members, is barred, in whole or in part, under the doctrine of

11

res judicata to the extent that Plaintiff, and/or members of the class he purports to represent, are

12

subject to a judgment entered in a different lawsuit for some or all of the time relevant to the

13

action.

14

**THIRTEENTH AFFIRMATIVE DEFENSE**

15

(Waiver of Meal and Rest Periods – Third, Fourth, Fifth, Sixth, and Seventh Causes of Action)

16

Plaintiff's claims for violation of meal and rest periods, and any derivative claims, are

17

barred, in whole or in part, because Plaintiff, and/or members of the class he purports to

18

represent, voluntarily waived some or all of their meal and rest periods.

19

**FOURTEENTH AFFIRMATIVE DEFENSE**

20

(Relieved From Duty – Third, Fourth, Fifth, Sixth, and Seventh Causes of Action)

21

Plaintiff's claims for violation of meal and rest periods, and any derivative claims, are

22

barred, in whole or in part, because at all relevant times, Plaintiff, and the members of the class he

23

purports to represent, were relieved of duty during breaks.

24

**FIFTEENTH AFFIRMATIVE DEFENSE**

25

(Set Off – All Causes of Action)

26

The Complaint, and each and every cause of action alleged therein, is barred, in whole or

27

in part, because Defendant is entitled to set off, and/or to recoup, any monies paid to Plaintiff

28

and/or members of the putative class, that are in excess of the amounts owed, if any.

- 4 -

1

2

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Injunctive Relief Improper – Sixth and Ninth Cause of Action)

There is no basis for injunctive relief in this action.  Among other reasons, Plaintiff cannot show that he will suffer irreparable injury without injunctive relief, remedies available at law are inadequate, or that the threatened injury outweighs any damage Defendant might suffer as a result of the injunction.  Further, because Plaintiff is not an employee of Defendant, he is not entitled to injunctive relief.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Not Knowing, Intentionally, or Willful – All Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, due to the fact that Defendant's alleged actions were not knowing, intentional, or willful. Plaintiff is not entitled to any penalties, liquidated damages under Labor Code Section 1194.2 or 1197.1, or any penalty, fine, or premium under any other Section of the Labor Code, because at all times relevant and material herein, Defendant did not knowingly, intentionally, or willfully fail to comply with the provisions of the California Labor Code or Wage Order, but rather, acted in good faith and had reasonable grounds for believing that it was in compliance with the relevant provisions of California law.  Defendant did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which liability is alleged to exist for Plaintiff's claims. Nor did Defendant authorize, require, request, suffer, or permit such activity by Plaintiff.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(*De Minimis* – First, Second, Fifth, Sixth, Seventh, and Eighth Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, to the extent that the allegedly uncompensated time periods fall within the *de minimis* exception.

///

///

///

- 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NINETEENTH AFFIRMATIVE DEFENSE

### (Uncertainty – All Causes of Action)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, given that the alleged claims and losses, if any, are vague, speculative and/or uncertain, and, therefore, the allegations fail to state a claim and any purported losses are not compensable.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith Dispute – Fifth, Sixth, and Seventh Cause of Action)

Plaintiff is not entitled to any penalties sought because, at all times relevant and material herein, a good faith dispute of fact and/or law existed, including as to whether any additional wages were due, and therefore claims for penalties under Labor Code sections 201-203 and/or section 226 are barred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Injury – Sixth Cause of Action)

Plaintiff is not entitled to any penalties sought under Labor Code section 226 because he did not suffer any injury by reason of any act or omission of Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Violation of Due Process – First, Fifth, Sixth, Seventh, and Eighth Causes of Action)

The imposition of statutory penalties would violate Defendant's rights, including the right to due process and equal protection, under the California and United States Constitutions.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reservation of Rights – All Causes of Action)

The defenses asserted above are based on Defendant's knowledge, information, and belief at this time.  Defendant has not knowingly or intentionally waived any applicable affirmative defense and reserve the right to assert and rely on such other applicable affirmative defenses as may later become available or apparent.  Defendant further reserves the right to amend its answer and/or affirmative defenses accordingly and/or to delete affirmative defenses that they determine are not applicable during the course of subsequent discovery.

1

## **PRAYER FOR RELIEF**

2          WHEREFORE, Defendant prays that:

3          1.          Plaintiff take nothing by his Complaint;

4          2.          Judgment be entered in favor of Defendant and against Plaintiff;

5          3.          Defendant be awarded its costs of suit incurred in this action;

6          4.          Defendant be awarded its attorneys' fees incurred in this action; and

7          5.          Defendant be awarded such other relief as the Court deems just and proper

8

9   Dated: July 23, 2024                              JONES DAY

10

11                                                    By: _____

12                                                        Amanda C. Sommerfeld

13                                                    Attorneys for Defendant
                                                      STANLEY BLACK & DECKER, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT STANLEY BLACK & DECKER, INC.'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT

## PROOF OF SERVICE

I, Stephanie Garrett, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071.2452.

On July 23, 2024, I served a copy of the within document(s):

**DEFENDANT STANLEY BLACK & DECKER, INC.'S**
**ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT**

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

| | |
|---|---|
| **VIA MAIL AND EMAIL**<br>Jonathan M. Genish, Esq.<br>jgenish@blackstonepc.com<br>Barbara DuVan-Clarke, Esq.<br>bdc@blackstonepc.com<br>Alexander K. Spellman, Esq.<br>aspelhnan@blackstonepc.com<br>P.J. Van Ert, Esq.<br>pjvanert@blackstonepc.com<br>Annabel F. Blanchard, Esq.<br>ablanchard@blackstonepc.com<br>BLACKSTONE LAW, APC<br>8383 Wilshire Boulevard, Suite 745<br>Beverly Hills, California 90211<br>Tel: (310) 622-4278<br>Fax: (855) 786-6356 | Attorneys for Plaintiff<br>KEN HAKOMORI, individually and on behalf of other similarly situated employees |
| **VIA MAIL**<br>INCORP SERVICES, INC.<br>5716 Corsa Avenue, Suite 110<br>Westlake Village, California  91362-7354 | Registered Corporate Agent for Service of Process for Defendant HCL Global Systems, Inc. |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion

- 8 -

of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 23, 2024, at Los Angeles, California.

_Stephanie Garrett_
_____
Stephanie Garrett

- 9 -

DEFENDANT STANLEY BLACK & DECKER, INC.'S ANSWER TO PLAINTIFF'S
CLASS ACTION COMPLAINT