L do. Thanks!Barbara DuVan-Clarke (State Bar No. 259268)
BDC@blackstonepc.com
Alex K. Spellman (State Bar No. 250398)
aspellman@blackstonepc.com
P.J. Van Ert (State Bar No. 234858)
pjvanert@blackstonepc.com
Annabel Blanchard (State Bar No. 258135)
ablanchard@blackstonepc.com
**BLACKSTONE LAW, APC**
8383 Wilshire Boulevard, Suite 745
Beverly Hills, California 90211
Telephone: (310) 622-4278/ Fax: (855) 786-6356

Attorneys for Plaintiff
KEN HAKOMORI

(Counsel continued on next page)

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| KEN HAKOMORI, individually, and on behalf of other similarly situated employees, | Case No. 3:24-cv-4481-JCS |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | Initial Case Management Conference: |
| STANLEY BLACK & DECKER, INC.; HCL GLOBAL SYSTEMS, INC.; and DOES 1 through 25, inclusive, | Date: October 23, 2024
Time: 2:00 p.m. |
| Defendants. | *The Honorable Joseph C. Spero* |

Amanda C. Sommerfeld (SBN 185052)
asommerfeld@jonesday.com
**JONES DAY**
555 South Flower Street, Fiftieth Floor
Los Angeles, California 90071.2452
Telephone: +1.213.489.3939
Facsimile: +1.213.243.2539

Aileen H. Kim (SBN 324522)
aileenkim@jonesday.com
Courtney P. O'Connor (SBN 353818)
courtneyoconnor@jonesday.com
**JONES DAY**
311 Michelson Drive, Suite 800
Irvine, California 92612
Telephone: +1.949.851.3939
Facsimile: +1.949.553.7529

Attorneys for Defendant
STANLEY BLACK & DECKER, INC.

**JOINT CASE MANAGEMENT STATEMENT**

Plaintiff KEN HAKOMORI ("Plaintiff") and Defendant STANLEY BLACK & DECKER, INC. ("Defendant" or "SBD") (collectively the "Parties") hereby respectfully submit their Joint Case Management Statement pursuant to Court's July 25, 2024, Order.

## 1.   SUBJECT MATTER JURISDICTION AND SERVICE

Plaintiff filed this case in the Superior Court of the State of California, County of Alameda.  On July 24, 2024, Defendant removed this case from the Alameda County Superior Court.  This Court has original subject matter jurisdiction over Plaintiff's lawsuit under the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1441(b) and 1446.

The Parties agree that there are currently no issues with respect to personal jurisdiction or venue.

Plaintiff completed service on Defendant Stanley Black & Decker, Inc. on June 24, 2024, and filed the proof of service with the Alameda Superior Court on July 1, 2024.

Similarly, Plaintiff completed service on Defendant HCL Global Systems, Inc. on June 25, 2024, and filed the resulting proof of service on June 26, 2024.

On information received by SBD directly from defendant HCL Global Systems, Inc. ("HCL Global"), SBD believes that HCL Global is not a properly named party to this lawsuit, and understands that HCL Global has informed Plaintiff's counsel of that fact. It also appears HCL Global has not appeared in either this action or in the related PAGA Action pending in Alameda Superior Court.

## 2.   FACTS

**Plaintiff:**

Plaintiff asserts putative class action claims on behalf of himself and all others similarly situated, including: (1) violation of Cal. Labor Code §§ 1194, 1197 and 1197.1 (Minimum Wages); (2) violation of Cal. Labor Code §§ 510 and 1198 (Unpaid Overtime); (3) violation of Cal. Labor Code §226.7 (Meal Break Violations); (4) violation of Cal. Labor Code §226.7 (Rest Break Violations); (5) violation of Cal. Labor Code §§ 204 and 210 (Wages Not Timely Paid During Employment); (6) violation of Cal. Labor Code § 226(a) (Wage Statement Violations); (7) violation of Cal. Labor Code §§ 201, 202 and

2023 (Untimely Final Wages); (8) violation of Cal. Labor Code §§ 2800 and 2802 (Failure to Reimburse Necessary Business Expenses; and (9) violation of Cal. Business & Profession Code § 17200, et seq.

Plaintiff seeks to represent a class comprised of all current and former hourly-paid and/or non-exempt employees who worked for Defendant in the State of California at any time during the period from four years prior to the date of the filing of the Complaint until final judgment.  Plaintiff reserves the right to define further sub-classes as necessary after completion of further discovery.

**Defendant:**

Plaintiff brings a class action complaint against SBD and HCL Global asserting wage and hour claims on behalf of himself and a putative class of SBD's and HCL Global's California hourly, non-exempt employees from June 17, 2020 through the present.

SBD denies that it is, or ever has been, Plaintiff's employer. On information and belief, Plaintiff was employed by a subcontractor to perform certain information technology ("IT") services for SBD. SBD has expressly asked Plaintiff's counsel to identify the name of the employer identified on Plaintiff's wage statements, to ensure that the proper parties are before the Court. Thus far, Plaintiff's counsel has declined to identify the employer stated on Plaintiff's wage statements.[1]

SBD further denies that it has violated any applicable laws, including with respect to the payment of wages, and contends that Plaintiff, and the individuals he seeks to represent, are not entitled to any relief as a matter of law, including because they suffered no harm or injury as a result of SBD's alleged acts. SBD maintains that none of Plaintiff's claims are appropriate for class treatment.

---

[1] In pre-litigation correspondence between Plaintiff's counsel and SBD, an employee incorrectly identified Plaintiff as an employee of HCL Global. SBD does not have a services contract with HCL Global.  Plaintiff's employer should be identified on Plaintiff's wage statements, pursuant to Labor Code §226(a)(8), which requires that "the name and address of the legal entity that is the employer" be identified on each employee's itemized wage statement.

Furthermore, SBD maintains that the claims of most of SBD's non-exempt California employees, are barred, and have been released by, a class action settlement entitled *Black & Decker Wage and Hour Cases*, Superior Court of the State of California, County of San Bernardino (Case No. JCCP5218).[2] That settlement has res judicata effect on the claims asserted in this lawsuit and as to SBD's own employees, at least up until February 22, 2023.

SBD also notes that on August 22, 2024, Plaintiff filed a separate complaint against it in Superior Court of the State of California, County of Alameda, asserting a single standalone cause of action for civil penalties under California's Private Attorneys General Act ("PAGA Action"). The underlying claims have the identical factual predicate and are based on the same allegations and claims asserted in this action. SBD has not yet appeared in the PAGA Action, and its deadline to respond to the complaint is November 1, 2024. SBD intends to move to stay the PAGA Action in its entirety so that, among other things, SBD need not defend itself against Plaintiff's claims in two different forums.

## 3. LEGAL ISSUES

The Parties summarize the key legal issues in this case as follows:

a.  Whether a necessary and indispensable party exists that has not been brought before the Court; namely, the entity that paid Plaintiff's wages for the work that he allegedly performed for SBD.

b.  Whether SBD is a properly named party inasmuch as it contends it has not employed Plaintiff at any point during the relevant time period;

c.  Whether the claims of any of SBD's non-exempt employees are released through February 22, 2023 by the Judgment entered in *Black & Decker Wage and Hour Cases* and/or subject to res judicata;

---

[2] *Black & Decker Wage and Hour Cases* was a coordinated action involving *Mancillas, et al. v. Stanley Black & Decker, Inc.* (Case No. CIV2123358) and *Cosico & Martell, et al. v. Stanley Black & Decker, Inc. et al.* (Case No. 21CV002218). On July 12, 2023, the Court in the *Black & Decker Wage and Hour Cases* entered a Final Order and Judgment Granting Plaintiffs' Motion for Final Approval of Class Action Settlement.

d.   Whether any arbitration agreements are at issue;

e.   Whether the claims at issue can be certified for adjudication on a class-wide basis, including but not limited to, whether common questions and common answers predominate and whether a class action is superior to other available methods for fairly and efficiently adjudicating the controversy;

f.   Whether the class is so numerous that joinder of all members is impracticable;

g.   Whether there are questions of law or fact common to the class;

h.   Whether the claims or defenses of Plaintiff are typical of the claims or defenses of the putative class;

i.   Whether Plaintiff will fairly and adequately protect the interests of the class;

j.   Whether SBD failed to pay wages owed, including any overtime compensation, to Plaintiff or the individuals he seeks to represent;

k.   Whether SBD had knowledge of any off-the-clock work performed by Plaintiff or the individuals he seeks to represent;

l.   Whether SBD failed to provide compliant meal and rest breaks to Plaintiff or the individuals he seeks to represent;

m.   Whether Plaintiff or the individuals he seeks to represent waived any meal or rest breaks;

n.   Whether SBD failed to pay premiums to Plaintiff or the individuals he seeks to represent when they were not provided with required meal periods and/or rest breaks;

o.   Whether SBD failed to pay and indemnify Plaintiff or the individuals he seeks to represent for their necessary expenditures and losses incurred in direct consequence of the discharge of their duties;

p.    Whether SBD knowingly and intentionally failed to furnish Plaintiff and the putative class with accurate itemized wage statements in compliance with California Labor Code section 226;

q.    Whether Plaintiff and the putative class faced injury as a result of any inaccurate itemized wage statements;

r.    Whether SBD failed to timely pay wages, including final wages, to Plaintiff or the putative class members;

s.    Whether Plaintiff is entitled to an award of attorney's fees under any of the theories alleged in the Complaint; and

t.    The nature and extent of available classwide damages, if any.

**4.   MOTIONS**

There are no pending motions.

**Plaintiff:**

Plaintiff does not anticipate filing any procedural or early potential dispositive motions at this time. Plaintiff may file a motion for summary judgment and/or summary adjudication following completion of discovery and class certification, if applicable.

**Defendant:**

SBD anticipates filing an early motion for (partial) summary adjudication, including on the issues of whether Plaintiff's claims against SBD can be maintained because SBD did not employ Plaintiff at any point during the relevant time period.

**5.   AMENDMENT OF PLEADINGS**

**Plaintiff**:

Plaintiff does not anticipate adding additional parties but reserves the right to do so, and specifically, reserves the right to seek leave to amend this Complaint to add new plaintiffs, if necessary, in order to establish suitable representative(s) pursuant to *La Sala v. American Savings and Loan Association* (1971) 5 Cal.3d 864, 872, and other applicable law. Plaintiff further reserves the right to name additional defendants in the event that discovery reveals additional necessary parties.

**Defendant**:

Plaintiff has failed to identify, let alone bring suit against, the entity that actually hired, paid and managed him for the work that he allegedly provided for SBD. SBD believes that this entity is a necessary and indispensable party. If Plaintiff does not amend the pleadings to add this entity, then SBD reserves the right to do so, once Plaintiff has responded to discovery to identify the relevant entity. During the Parties' Rule 26 conference, Plaintiff proposed a deadline of 90 days after the Scheduling Conference to amend his pleadings. Provided that Plaintiff promptly responds to SBD's discovery (propounded after the Rule 26 Scheduling Conference) seeking the identification of Plaintiff's employer, 90 days should be sufficient.

## 6.   EVIDENCE PRESERVATION

Presently, there are no issues in dispute regarding the production or retention of electronically-stored information ("ESI"). The Parties certify that they reviewed the Guidelines Relating to the Discovery of ESI and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. SBD has been informed by its counsel of its duty not to destroy any documents, tangible things, or e-information relating to Plaintiff's claims that are in its possession, custody, or control. Likewise, Plaintiff has been informed by his counsel of his duty not to destroy any documents, tangible things, or e-information relating to his claims that are in his possession, custody, or control including, but not limited to, his cell phone texts, phone logs and personal emails.

The Parties will work cooperatively together to develop any reasonable discovery plan and protocol for the reasonable search and disclosure of readily–accessible ESI at an appropriate juncture in this case.

7.   **DISCLOSURES**

Plaintiff was under the impression that the Parties would stipulate to a brief continuance of the initial disclosures. Plaintiff learned on October 16, 2024 that Defendant would not so stipulate. Plaintiff asks the Court for a date certain in approximately sixty (60) days to provide initial disclosures.

SBD intends to complete its Initial Disclosures by October 16, 2024 in accordance with the Order Setting Initial Case Management Conference and ADR Deadlines (ECF 5). Plaintiff made a request to stipulate to a continuance of the initial disclosures in writing on Friday, October 11, when sending a draft of this Report. SBD reviewed the deadlines in the Court's Order and realized that there was insufficient time to apply for and receive Court approval to digress from that Order. Accordingly, on Monday, October 14 (not October 16), SBD informed Plaintiff in the draft Report that there was no agreement to depart from the Court's Order (ECF 5), and that SBD will make disclosures consistent with its obligations under Federal Rule of Civil Procedure 26 and the Court's Standing Order.

8.   **DISCOVERY**

**Plaintiff**:

In anticipation of any objection by Defendants on the basis that the request for contact information implicates third party privacy rights, Plaintiff agrees to enter into a stipulation and order to maintain the confidentiality of the class contact information. Plaintiff anticipates serving discovery tailored towards merit-based issues thereafter.

Plaintiff anticipates taking the depositions of Defendants' Person Most Qualified witness(es), as well as the depositions of any putative class members who provide declarations in opposition to Plaintiff's motion for class certification and depositions of all other percipient witnesses regarding Defendants' wage and hour practices.

At this time, Plaintiff does not believe that any changes in the disclosures under FRCP 26(a) should be made, no applicable limitations should be changed, or other limitations imposed, and there is no need for any Court orders, outside of a brief continuance of the current date set for initial disclosures.

**Defendant**:

SBD seeks an adjudication on Plaintiff's employment status at an early date, and before protracted and costly litigation ensues involving thousands of SBD's current and former employees in a putative class action brought by an individual that SBD did not employ. Necessary discovery in advance of a partial summary adjudication motion requires only the taking of Plaintiff's deposition and obtaining key documents. To that end, on October 1, 2024, SBD served limited and targeted document requests to discover the identity of Plaintiff's employer. Additionally, and in furtherance of its meet-and-confer requirements, on October 1, 2024, during the Parties' Rule 26 conference, SBD inquired into Plaintiff's availability for deposition on the week of November 4, 2024. Following the conference the same day, SBD inquired into Plaintiff's availability for deposition on November 5, 6, 8, 11, 13, 14, and requested alternative dates if those dates did not work. Plaintiff's counsel responded that November dates were not feasible due to trial conflicts, and has since stated a refusal to sit for a deposition until next year, citing unspecified trial conflicts, prepaid vacation, and holidays.

If the matter is not resolved through an early summary adjudication motion, then SBD will depose any fact or expert witnesses identified by Plaintiff. SBD also intends to serve further formal written discovery, including but not limited to requests for production of documents, special interrogatories, and requests for admissions.

**9.    CLASS ACTION**

The Parties have reviewed the Procedural guidance for Class Action settlements. Plaintiff will file his motion for class certification after completion of all necessary pre-certification discovery. However, Plaintiff anticipates that setting the deadline to file his class certification motion within 120 days from the date of this scheduling conference may not be reasonable given that the deadline would fall at the time of the winter holidays. Based thereon, Plaintiff respectfully requests that the Court set the deadline to file his motion for class certification deadline on a date in early 2025.

SBD proposes that the Court set an early dispositive motion briefing schedule, and set another Scheduling Conference after the hearing on its dispositive motion(s), at which point the remaining Parties can discuss proposed dates and deadlines, including for discovery and whether it should proceed on a phased basis, and the deadline to file a motion for class certification.

**10.    RELATED CASES**

Plaintiff filed a separate action alleging violations on behalf of Aggrieved Employees pursuant to the Private Attorneys General Act of 2004, California Labor Code section 2698 et seq. ("PAGA"), Alameda Superior Court case no. 24CV088376, filed on August 22, 2024.

In addition to the *Black & Decker Wage and Hour Cases* and Plaintiff's PAGA Action discussed above, there are two additional related California wage and hour actions against SBD that are pending before another court:

- *Enrique Murrieta v. Stanley Black & Decker, Inc. et al.*, Superior Court of the State of California, for the county of San Bernardino (Case No. CIVSB2414301);
- *Steve Hundley v. Stanley Black & Decker, Inc., et al.*, Superior Court of the State of California, for the county of Orange (Case No. 30-2024-01420968-CU-OE-CXC) which is a PAGA action in which SBD has not yet been served.

**11.    RELIEF**

**Plaintiff:**

Plaintiff does not currently possess sufficient information to provide a realistic range of provable damages. However, Defendants claimed this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $5,000,000.00. Plaintiff requires discovery of documents and information pertaining to the employee at issue

regarding the alleged claims in order to accurately calculate damages. Although attorneys' fees and costs do not constitute damages, the causes of action allow Plaintiff to make a claim for fees and costs.

**Defendant:**

SBD denies that Plaintiff is entitled to recover any damages or relief whatsoever, including fees and costs. SBD also notes that Plaintiff is required under Local Rule 16-9(b) to provide, among other information, the facts showing why Plaintiff's claims, including claims for relief, should be maintained as a class action. SBD believes it is not sufficient for Plaintiff simply to remark that he lacks sufficient information.

**12.   SETTLEMENT   CONFERENCE   AND   ALTERNATIVE   DISPUTE RESOLUTION (ADR)**

**Plaintiff:**

Plaintiff is open to potentially resolving this case through alternative dispute resolution. Plaintiff prefers private mediation after receipt of informal discovery in advance of any private mediation.

**Defendant:**

SBD is not amenable to early alternative dispute resolution proceedings in light of the threshold issues discussed above regarding whether it is a properly named defendant. In the event it remains in the lawsuit, it is open to discussing the possibility of a settlement conference with the Court at an appropriate juncture.

**13.   OTHER REFERENCES**

The Parties agree this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.   NARROWING OF ISSUES**

**Defendant**:

The issue of whether SBD is a properly named party because it has not employed Plaintiff at any point during the relevant time period is most consequential to the case at this time. SBD proposes that the Court set an early dispositive motion briefing schedule,

and set another Scheduling Conference after the hearing on the dispositive motion(s), at which point the remaining Parties can discuss other substantive issues, including trial.

**15.    SCHEDULING**

**Plaintiff**:

**a.  Discovery Cut-off**

Plaintiff proposes that the discovery cut-off be set on the date that is 30 days prior to the trial date set in this matter pursuant to the Federal Rules of Civil Procedure.

**b.  Expert Discovery**

Plaintiff proposes that initial disclosures of expert witnesses should be made in advance of the trial date set in this matter, pursuant to the Federal Rules of Civil Procedure.

**a.  Dispositive Motions**

**XXX**

**b.  Pre Trial conference and Trial**

Plaintiff believes that a trial estimate is difficult to assess at this time since Plaintiff does not currently possess information permitting him to assess the size and scope of the class members and claims for trial purposes.

**Defendant**:

SBD proposes that the Court set an early dispositive motion briefing schedule, and set another Scheduling Conference after the hearing on the dispositive motion(s), at which point the remaining Parties can discuss proposed dates and deadlines, including for discovery cut-off and expert discovery.

**16.    TRIAL**

**Plaintiff:**

Plaintiff's claims will be tried to a jury. Plaintiff estimates that 10-15 court days would be necessary for trial. Plaintiff is currently not in a position to provide the number of witnesses that may be called during trial, as discovery has yet to be conducted and completed.

**Defendant:**

SBD proposes that the Court set an early dispositive motion briefing schedule, and set another Scheduling Conference after the hearing on the dispositive motion(s), at which point the remaining Parties can discuss trial-related issues.

**17.   DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

**Plaintiff**:

Plaintiff is not aware of any non-party individual or entity having an interest in this action other than the those listed in Defendant Stanley Black & Decker, Inc.'s filed certification of interested entities or persons and corporate disclosure statement.

**Defendant**:

SBD has filed its Certificate of Interested Entities or Persons and Corporate Disclosure Statement (ECF 2) on July 24, 2024. As SBD indicated to Plaintiff's counsel during their Rule 26 conference, it believes Plaintiff's correct employer is an interested entity, but Plaintiff's counsel was unable to identify at the time the entity listed on Plaintiff's wage statements; nor has Plaintiff provided that information since.

**18.   PROFESSIONAL CONDUCT**

All attorneys for record of the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19.   OTHER MATTERS**

At this time, the Parties are unaware of any other matters that would help facilitate efficient disposition of this matter.

**JOINT CASE MANAGEMENT STATEMENT**

Dated:  October 16, 2024

**BLACKSTONE LAW, APC**

By:  _/s/ Barbara DuVan-Clarke_
     Barbara DuVan-Clarke
     Alexander K. Spellman
     P.J. Van Ert
     Annabel Blanchard

Attorneys for Plaintiff
KEN HAKOMORI

Dated:  October 16, 2024

**JONES DAY**

By:  _/s/ Amanda C. Sommerfeld_
     Amanda C. Sommerfeld
     Aileen H. Kim
     Courtney P. O'Connor

Attorneys for Defendant
STANLEY BLACK & DECKER, INC.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **Signature Certification**

Pursuant to Local Rule 5.1, I hereby certify that all other signatories listed, on whose behalf this filing is submitted, concur with the contents of this filing and have authorized the filing.

*/s/ Amanda C. Sommerfeld*
Amanda C. Sommerfeld

1

## <u>CERTIFICATE OF SERVICE</u>

2      I, Stephanie Garrett, declare:

3      I am a citizen of the United States and employed in Orange County, California.  I am over

4  the age of eighteen years and not a party to the within-entitled action.  My business address is 555

5  South Flower Street, 50th Floor, Los Angeles, California  90071.

6      On October 16, 2024, I served a copy of the within document(s):

7      ## JOINT CASE MANAGEMENT STATEMENT

8      ☒      BY ELECTRONIC SERVICE:  I electronically filed the document(s) with the Clerk of the Court by using the ECF system.  Participants in the case who are registered ECF users will be served by the ECF system.  Participants in the case who are not registered ECF users will be served by mail or by other means permitted by the court rules.

9

10

11

| | |
|---|---|
| Barbara DuVan-Clarke, Esq.<br>bdc@blackstonepc.com<br>Alexander K. Spellman, Esq.<br>aspellman@blackstonepc.com<br>P.J. Van Ert, Esq.<br>pjvanert@blackstonepc.com<br>Annabel F. Blanchard, Esq.<br>ablanchard@blackstonepc.com<br>Nataly Sandres<br>nsandres@blackstonepc.com<br>Ana Amato<br>aamato@blackstonepc.com<br>BLACKSTONE LAW, APC<br>8383 Wilshire Boulevard, Suite 745<br>Beverly Hills, California 90211<br>Tel: (310) 622-4278<br>Fax: (855) 786-6356 | Attorneys for Plaintiff<br>KEN HAKOMORI |

22      I declare under penalty of perjury under the laws of the State of California that the above

23  is true and correct.

24      Executed on October 16, 2024 at Los Angeles, California.

25

26

27                                          /s/ Stephanie Garrett
                                       Stephanie Garrett

28