UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| KEN HAKOMORI, | Case No. 24-cv-04481-JCS |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION FOR APPROVAL OF STIPULATED DISMISSAL** |
| STANLEY BLACK & DECKER, INC, et al., | Re: Dkt. No. 67 |
| Defendants. | |

The parties have submitted a Joint Stipulation to Dismiss Plaintiff's Individual Claims With Prejudice and Class Claims Without Prejudice as to The Putative Class. Dkt. no. 67. While individual claims may be dismissed without Court action where all parties who have appeared enter into a stipulation of dismissal, Fed. R. Civ. P. 41(a)(1)(A)(ii), the dismissal of class claims requires Court approval under Fed.R.Civ. P. 23(e). The parties recognize this requirement in the supporting declaration of P. J. Van Ert, dkt. no. 67-1 ("Van Ert Decl.") at paragraph 9, which the Court construes as a motion for approval of the stipulated dismissal of the class claims in this case. That motion is GRANTED.[1]

Rule 23(e) provides that "[t]he claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval." The Ninth Circuit has held that Rule 23(e) applies even where, as here, no class has been certified, but that it does not require "the kind of substantive oversight required when reviewing a settlement binding upon the class." *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989). "This holding pre-dates substantial

---

[1] The parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

amendments to Rule 23 in 2003, and courts in this district have noted 'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments." *Albers v. Yarbrough World Sols., LLC*, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) (citing *Lyons v. Bank of America, NA*, No. C 11–1232 CW, 2012 W L 5940846, at * 1 n.1 (N.D. Cal. Nov. 27, 2012)). "But our decisions have 'generally assumed that it does' apply[.]' " Accordingly, the Court follows *Diaz* to evaluate the proposed settlement and dismissal here.

Under *Diaz*, the Court must "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial." 876 F.2d at 1408. In particular, the Court should consider whether class members face possible prejudice from:

> (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances, (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations, (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests.

*Id.*

Based on the statements in paragraph 8 of the Van Ert Declaration, the Court concludes that the settlement in this case, including the dismissal without prejudice of the putative class members' claims, is neither collusive nor prejudicial to the absent class members and therefore may be approved under *Diaz*. Among other things, Van Ert states in his declaration:

> (b) the Class Action has not become widely known to the public generally or to the members of the putative class (i.e., there has been no publicity); (c) the members of the putative class will not be prejudiced, given that they retain all rights to pursue their own claims, this lawsuit was just recently filed, and the Parties have not engaged in discovery or substantial motion practice; and (d) my office and I are currently not aware of any putative class member who intends to bring a claim or who, in reliance on Plaintiff's Class Action, has refrained from bringing a similar claim.

Van Ert Decl., ¶ 8.

Accordingly, the Court GRANTS the parties' request for approval of the stipulated dismissal of the individual and class claims in this case and ORDERS as follows:

1. Plaintiff Ken Hakomori's individual claims are dismissed with prejudice.

2. The class claims are dismissed without prejudice as to the putative class members.

    The Clerk is directed to close the case.

    **IT IS SO ORDERED.**

Dated:  August 13, 2025

_____
JOSEPH C. SPERO
United States Magistrate Judge